Argued April 22, affirmed May 2, 1919.

## JACOBS v. JACOBS.

(180 Pac. 515.)

**Partition—Nature of Proceeding.**

1. A suit for the partition of real property is a statutory proceeding.

**Judgment—Res Adjudicata—Defenses Which Might have been Urged.**

2. One who sued for the partition to real property under Sections 435, 436, 440, 441, L. O. L., his pleadings being silent as to rents, issues and profits, cannot complain, in a subsequent action by the defendant for rents, issues and profits, that the plaintiff should have set up such matter in his answer in the partition suit.

**Partition—Nature of Proceeding—Issues—Incidental Relief—Rents and Proceeds.**

3. The primary purpose of Sections 435, 436, 440, 441, L. O. L., relating to partition, is to ascertain and determine the title to real property only; and, while it may be true that under proper allegations the question of rentals and proceeds would become an incident to a partition suit and could be settled by a decree, in the absence of proper allegations, such questions could not be adjudicated.

[As to collateral attack upon and titles determined by decree in partition, see note in 124 Am. St. Rep. 713, 715.]

From Linn: GEORGE G. BINGHAM, Judge.

Department 2.

The plaintiff alleges that between November 24, 1914, and May 22, 1916, she was the owner in fee simple of an undivided one-third interest in the Calvin P. and Elizabeth Jane Burkhart donation land claim in Linn County; that the defendant was the owner of an undivided two-thirds interest therein and that between the dates mentioned the defendant excluded the plaintiff therefrom and held and enjoyed the sole possession thereof and leased and rented the same, collected the rental, retained and converted the proceeds to his own use and now refuses to account to the plaintiff therefor or to pay to the plaintiff her share

thereof, of which the reasonable value is $500 and for which demand has been made.

The defendant made a general and specific denial of every allegation in the complaint and for a first further and separate answer alleged that until November 24, 1914, he was the sole owner of the land; that prior to that time he and the plaintiff were husband and wife; that on the date mentioned she brought suit for divorce, in which the court rendered a decree in her favor and gave her an undivided one-third interest in the said real estate; that at the time of the decree the plaintiff and the defendant were residing thereon and in possession of the land and that after the divorce the plaintiff left the farm and has never returned. The defendant also avers that between the alleged dates he remained in possession of all the lands, without objection by the plaintiff, and paid taxes thereon. As a second further and separate answer and by way of estoppel the defendant alleges that on April 1, 1916, as plaintiff he commenced a suit in the Circuit Court of Linn County against this plaintiff as defendant therein, for a partition of the lands described in the complaint, alleging that he was the owner of an undivided two-thirds interest; that the plaintiff here owned an undivided one-third interest therein, and that such lands could be divided, and asked the court to appoint referees for that purpose. The plaintiff here appeared in that suit and admitted the allegations of the complaint. Thereafter the court appointed referees to make the partition, and on June 26, 1916, they filed their report, which was confirmed by the court. One third of the land was then set off by decree to the plaintiff Mary Jacobs to be held by her in severalty, and the remaining two thirds to the de-

fendant John Jacobs, to be held by him in the same manner.

The defendant alleges that the Circuit Court had jurisdiction of the parties and of the lands and was entitled to settle all questions of ownership, including that of rents and profits during the period that the lands were owned and held by the plaintiff and the defendant as tenants in common; that at the time of the partition suit and while it was pending Mary Jacobs had knowledge of the rental and made no claim for the amount thereof; that she could and should have set up this matter in her answer to the complaint in the former suit; that all of such questions should have been litigated, tried and determined in the partition suit, and that by reason of her failure and neglect the plaintiff is now estopped to make any claim or prosecute any action for the alleged rents and proceeds.

A demurrer to the defendant's second further and separate answer was sustained. The plaintiff replied and after hearing the testimony the jury returned a verdict in favor of the plaintiff, upon which judgment was entered and from which the defendant appeals, claiming that the court erred in sustaining the demurrer and in rendering a judgment on the verdict:

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Weatherford & Wyatt,* with an oral argument by *Mr. James K. Weatherford.*

For respondent there was a brief over the names of *Mr. W. S. Risley* and *Mr. W. R. Bilyeu,* with an oral argument by *Mr. Risley.*

JOHNS, J.—1, 2. There is no merit in the defendant's contention. A suit for the partition of real property is a statutory proceeding. Section 435, L. O. L., provides:

"When several persons hold real property as tenants in common, in which one or more of them have an estate of inheritance, or for life or years, or when several persons hold as tenants in common a vested remainder or reversion in any real property, any one or more of them may maintain a suit for the partition of such real property, according to the respective rights of the persons interested therein, and for a sale of such property, or a part of it, if it appears that a partition cannot be had without great prejudice to the owner."

Section 436 specifies that:

"The interest of all persons in the property, whether such persons be known or unknown, shall be set forth in the complaint, specifically and particularly, as far as known to the plaintiff. * * "

Section 440 requires that, "The defendant shall set forth in his answer the nature and extent of his interest in the property." Section 441 is as follows:

"The rights of the several parties, plaintiffs as well as defendants, may be put in issue, tried and determined in such suit, and where a defendant fails to answer, or where a sale of the property is necessary, the title shall be ascertained by proof to the satisfaction of the court before the decree for partition or sale is given."

These sections of the Code do not treat of or deal with the question of rents, issues and profits, which are personal property.

As plaintiff in the partition suit the defendant here was the moving party, and the only issue raised by his complaint was the division of the property according to the interests of the respective owners. To that

'complaint Mary Jacobs answered, admitting that John Jacobs was the owner of an undivided two-thirds interest in the lands and that she was the owner of an undivided one-third interest. As a matter of fact, the decree was one by consent as to the interest of each party in the land, the partition thereof and the appointment of referees to make the division. There was no allegation in the complaint about any issues or profits or the rent of the land and there was nothing said about those items in the answer. Whatever may have been the province or the duty of the court if such issues had been raised and litigated by John Jacobs in the partition suit, the fact remains that he did not elect to present them, and he has no right to complain because they were not raised by Mary Jacobs in her answer.

3. The primary purpose of the statute is to ascertain and determine the title to real property only, and while it may be true that under proper allegations the question of rental and proceeds would become an incident to a partition suit and could be settled by a decree, in the absence of proper allegations such questions could not be adjudicated.

"Plaintiff may, as an incident to the proceeding for partition, seek and obtain relief in addition to that obtainable in a partition at law and necessary to a complete adjustment of all matters arising out of the cotenancy, such as an accounting for moneys paid for improvements or received by defendants as rents and profits. * * It is sufficient for our present purpose to say that for whatsoever relief plaintiff seeks other than that of the partitioning of the property, he must in his complaint make the allegations necessary to sustain it. If no allegation is made, no relief can be granted, and if an allegation is made, it must fail unless it would be sufficient if it were employed in an in-

dependent action'': 30 Cyc. 218, § 11, and authorities there cited.

In 20 R. C. L. 785, the rule is thus laid down:

"It is a well-affirmed principle of law that a judgment or decree in a partition suit, when the court has jurisdiction over the parties and the subject matter, is 'as conclusive between the parties upon all the material issues in the case which the court was called upon to examine, and which, under the pleadings, were tried and determined, as are judgments in other actions.''

And in Volume 15, page 964, of the same text we find:

"If the same evidence would sustain both, the two actions are considered the same, and the judgment in the former is a bar to the subsequent action, although the two actions are different in form. If, however, different proofs would be required to sustain the two actions, a judgment in one is no bar to the other. It has been said that this method is the best and most accurate test as to whether a former judgment is a bar in subsequent proceedings between the same parties, and it has even been designated as infallible.''

The question of rents and profits was not within the pleadings in the partition suit or adjudicated by the decree in that proceeding. The judgment of the Circuit Court is affirmed.                    AFFIRMED.

McBride, C. J., and Bean and Bennett, JJ., concur.