## WESSEL v SHANK et

Ohio Appeals, 1st Dist, Butler Co

No 715.   Decided May 31, 1937

Frank F. Wessel, Hamilton, for appellee.
Shank & Shank, Hamilton, for appellants.

## OPINION

By ROSS, PJ.

This is a proceeding on appeal on questions of law and fact.

The action is for specific performance, brought by the assignee of a grantee named in defective deeds against the administrator of the decedent grantor.

Previous to the institution of this action, the assignor of plaintiff brought first a suit to declare a trust, which was dismissed without prejudice, and next a suit in ejectment, which was decided adversely, to the assignor of plaintiff. There can be no doubt that the present plaintiff assignee was fully cognizant of the previous suits. That no cause of action in ejectment existed, there can be no question. We do not consider plaintiff estopped by his assignor. There was no election of remedies, since no remedy under the circumstances existed either to declare a trust or for ejectment.

The evidence presented to this court develops that the decedent and assignor of plaintiff had for some time been close friends. There is some evidence that one of the pieces of property involved had been originally transferred by the plaintiff's assignor to the decedent, and that she was a beneficiary in an insurance policy upon the life of the assignor, for a considerable sum of money. During all of the time when the various actions were being filed by the assignor and this plaintiff, a suit to sell property of the decedent to pay her debts was pending.

The deeds, which as contracts the plaintiff is now seeking to have specifically enforced, were drawn upon regular conveyance forms, signed by the decedent, it seems clear, but her signature was not witnessed and there was no acknowledgment.

The consideration recited therein is one dollar and other good and valuable considerations.

The assignor of plaintiff was apparently the only person present in her home at the time of her death. He took possession of all her private papers, turning all except the deeds over to the administrator of decedent. As far as his possession and delivery of the deeds is concerned, we find

no difficulty in determining that he came rightfully into possession of the instruments by proper delivery.

A defective deed may be construed to be a contract to convey. 13 O. Jur. 843.

Any valuable consideration, though nominal, is sufficient to sustain the transfer of title, if such consideration really existed. 13 O. Jur. 863.

In the instant case there is ample in the record to sustain the requirement of consideration.

As to the claim of estoppel, there is nothing inconsistent in an action to declare a trust upon the theory that the plaintiff has at least a beneficial interest in the property, an action in ejectment that he has not only such beneficial interest, but is entitled to legal title and possession, and a suit requiring the personal representative of the decedent to specifically perform a contract to convey.

The plaintiff received no benefit from any of the previous suits and the evidence of detriment to the administrator is negligible, if at all existent. **Frederickson v Nye et, 110 Oh St 459. 15 O. Jur. 233, et seq.** The first action, in any event, was dismissed without prejudice.

Sec 11586, GC, provides:

"An action may be dismissed without prejudice to a future action;

"1. By the plaintiff, before its final submission to the jury, or to the court, when the trial is by the court;

"2. By the court, when the plaintiff fails to appear on the trial;

"3. By the court, for want of necessary parties.

"4. By the court, on the application of some of the defendants, when there are others whom the plaintiffs fails to prosecute with diligence.

"5. By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action;

"6. By the plaintiff, in vacation, on payment of costs. The clerk, in such case, shall forthwith make an entry thereof on the journal, whereupon the dismissal shall take effect This clause shall not apply to a petition in error, or a case in which a counter-claim or s.t-off has been filed.

"In all other cases the decision must be on the merits, upon the trial of the action."

Both the heir at law and the personal representative were made proper parties. 37 O. Jur. 182.

The appellee has no complaint against the decree of the trial court, and a similar decree may be here entered.

HAMILTON and MATTHEWS, JJ, concur.