Hart, J.
 

 The appellant failed, in a former action against the administrator of the estate of Ada L. Mc-Dannold and her collateral heir at law, to establish his title to the property in question under a claim that such title accrued to him through a resulting trust arising because he furnished the purchase money for the acquisition of the property, although the legal, title was taken in the name of Ada L. McDannold and so remained until the date of her death. The appellees now claim that this present action of the appellant to establish title to the same property through inheritance from Ada L. McDannold, who appellant claims was his common-law wife, is barred by such former action under the doctrines of
 
 res judicata
 
 and election of
 
 *305
 
 remedies. The trial court and the Court of Appeals so found. The sole issue, then, upon review, is whether the Common Pleas Court and the Court of Appeals were justified in holding that the present action is barred by the judgment in the former action under one or both of the doctrines of
 
 res judicata
 
 and election of remedies.
 

 A comprehensive definition of
 
 res judicata
 
 is as follows : ‘
 
 ‘
 
 The doctrine of
 
 res judicata
 
 is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. ’ ’ 30 American Jurisprudence, 908, Section 161. See,
 
 also, Hinton, Admr.,
 
 v.
 
 McNeil,
 
 5 Ohio, 509, 511, 24 Am. Dec., 315;
 
 Stein
 
 v.
 
 Steamboat Prairie Rose,
 
 17 Ohio St., 471, 93 Am. Dec., 631;
 
 James
 
 v.
 
 Allen County,
 
 44 Ohio St., 226, 6 N. E., 246, 58 Am. Rep., 821;
 
 State
 
 v.
 
 Cincinnati Tin & Japan Co.,
 
 66 Ohio St., 182, 64 N. E., 68.
 

 “If, however, the two suits do not involve the same claim,
 
 demand, and catóse of action,
 
 such effect will not be ordinarily given to the prior judgment.” (Italics ours.) 30 American- Jurisprudence, 914, Section 172. To constitute a bar there must be identity not only of subject matter but also of the cause of action. In other words, a judgment in a former action does not bar a subsequent action where the cause of action prosecuted is not the same, even though each action relates to the same ' subject matter. 30 American Jurisprudence, 915; 34 Corpus Juris, 813; Restatement of Judgments, 158, 159 and 208;
 
 Cook
 
 v.
 
 Conners,
 
 215 N. Y., 175, 109 N. E., 78, L. R. A. 1916A, 1074, Ann. Cas. 1917A, 248;
 
 Winters
 
 v.
 
 Bisaillon,
 
 153 Ore., 509, 57 P. (2d), 1095, 104 A. L. R., 968;
 
 Stark
 
 v.
 
 Starr,
 
 94 U. S., 477, 485, 24 L. Ed., 276, 278;
 
 United Shoe Machinery Corp.
 
 v.
 
 United
 
 
 *306
 

 States,
 
 258 U. S., 451, 458, 66 L. Ed., 708, 42 S. Ct., 363;
 
 Troxell, Admx.,
 
 v.
 
 Delaware, Lackawanna & Western Bd. Co.,
 
 227 U. S., 434, 440, 57 L. Ed., 586, 590, 33 S. Ct., 274;
 
 Charles E. Harding Co.
 
 v.
 
 Harding, 352
 
 Ill., 417, 186 N. E., 152, 88 A. L. R., 563;
 
 Newhall
 
 v.
 
 Enterprise Mining Co.,
 
 205 Mass., 585, 91 N. E., 905;
 
 Rahr
 
 v.
 
 Wittmann,
 
 147 Wis., 195, 132 N. W., 1107, 36 L. R. A. (N. S.), 392;
 
 Taylor, Admr.,
 
 v.
 
 Quinn,
 
 68 Ohio App., 164, 39 N. E. (2d), 627;
 
 Cromwell
 
 v.
 
 Sac County,
 
 94 U. S., 351, 352, 24 L. Ed., 195, 197.
 

 It is to be observed that “in the application of the doctrine of
 
 res judicata,
 
 if it is doubtful whether a second action is for the same cause of action as the first, the test generally applied is to consider the identity of facts essential to their maintenance, or whether the same evidence would sustain both. If the same facts or evidence would sustain both, the two actions are considered the same within the rule that the judgment' in the former is a bar to the subsequent action. If, however, the two actions rest upon different states of facts, or if different proofs would be required to sustain the two actions, a judgment in one is no bar to the maintenance of the other.” 30 American Jurisprudence, 918, Section 174. See, also, 2 Freeman on Judgments (5 Ed.), 1447, Section 687;
 
 Bell
 
 v.
 
 Merrifield,
 
 109 N. Y., 202, 16 N. E., 55, 4 Am. St. Rep., 436;
 
 Curtiss
 
 v.
 
 Crooks, Trustee,
 
 190 Wash., 43, 66 P. (2d), 1140.
 

 As distinguished from what has already been said, it must be remembered that “a point or fact which was actually and directly in issue in a former action and was there passed upon and determined by a court of competent jurisdiction cannot be drawn in question in. any future action between the same parties or their privies, whether the cause of action in the two actions be identical dr different.” But the effect of such determination goes no further, by way of barring the second action, than to settle as a finality the point' or
 
 *307
 
 fact litigated in the first action. This doctrine is based upon estoppel rather than upon
 
 res judicata. Conold
 
 v.
 
 Stern,
 
 138 Ohio St., 352, 363, 35 N. E. (2d), 133, 137 A. L. R., 1003;
 
 Gibson v. Solomon,
 
 136 Ohio St., 101, 103, 104, 23 N. E. (2d), 996, 125 A. L. R., 903;
 
 Wright, Admr.,
 
 v.
 
 Schick,
 
 134 Ohio St., 193, 16 N. E. (2d), 321, 121 A. L. R., 882;
 
 Quinn, Aud.,
 
 v.
 
 State, ex rel. Leroy,
 
 118 Ohio St., 48, 160 N. E., 453;
 
 Hixson
 
 v.
 
 Ogg, 53
 
 Ohio St., 361, 42 N. E., 32; Restatement of Judgments, 159, 175, 258, 294 and 300;
 
 Winters
 
 v.
 
 Bisaillon, supra; United Shoe Machinery Corp.
 
 v.
 
 United States, supra; Tessler
 
 v.
 
 Rothman,
 
 232 Mich., 62, 204 N. W., 694.
 

 The defendant McDonald makes some claim in argument that title to the property in question was litigated and decided in his favor in the trust action and that that issue has become
 
 res judicata
 
 and cannot be relitigated in this action. No claim or right of a litigant can be asserted as conclusive under the doctrine of
 
 res judicata
 
 unless it was considered and determined or necessarily determined to be valid through the rendition of a former judgment. “Where a judgment or decree is relied on by way of evidence, as conclusive
 
 per se,
 
 between the parties in a subsequent suit, it must appear by the record of the former suit, that the particular controversy sought to be precluded was therein
 
 necessarily
 
 tried and determined.”
 
 Lessee of Lore
 
 v.
 
 Truman,
 
 10 Ohio St., 45.
 

 The allegations of the amended answer of Thomas A. McDonald in the former action that “he is the sole heir at law of the decedent, Ada L. McDannold, and that as her sole heir at law he is now the owner by inheritance of the premises described in plaintiff’s petition,” did not state operative facts but mere conclusions, were not responsive to any allegation of the petition, and were not made the basis of any prayer for relief. The prayer of his answer was that “having fully answered, defendant, Thomas A. McDonald, prays
 
 *308
 
 that the plaintiff’s petition be dismissed at the plaintiff’s costs.” He filed no cross-petition to establish title to the property in himself, offered no evidence in support of such claim, and neither the Common Pleas Court nor the Court of Appeals entered any decree in his favor on that issue, the Common Pleas Court finding that “upon the issues and the evidence offered the plaintiff has failed to prove his case by clear, convincing and conclusive evidence, and therefore renders judgment for the defendants.” The decree of the court was that “it is ordered, adjudged and decreed that the plaintiff’s petition be dismissed at plaintiff’s costs, and that the defendants recover from the plaintiff all the costs herein expended.” The judgment of the Court of Appeals was to the effect “that the appellant has not established his case by that degree of proof required by law”; “that judgment be and the same hereby is rendered in favor of the appellees, that the petition of the appellant be and the same is hereby dismissed, and that all of the costs in the Court of Common Pleas and in this court be taxed against the appellant. ’ ’
 

 Furthermore, in the fourth amended answer of the defendant McDonald in 'this action, setting up as
 
 res judicata
 
 the claimed judgment in the former action, which he is required to do to avail himself of that defense
 
 (Meiss
 
 v.
 
 Gill,
 
 44 Ohio St., 253, 6 N. E., 656;
 
 Clark
 
 v.
 
 Baranowski,
 
 111 Ohio St., 436, 145 N. E., 760), he makes no allegations or claim of
 
 res judicata
 
 in his own behalf as to title to the property in question, but alleges “that the judgments of the Common Pleas Court * * * and the Court of Appeals # # * on the docket of said courts are conclusive as to all claims which said plaintiff asserted, or could have asserted in said actions and are
 
 res judicata
 
 as to the allegations contained in plaintiff’s petition in the above entitled [present] action.”
 

 Clearly, no judgment can be claimed in favor of the
 
 *309
 
 defendant McDonald in the original action to the effect that he was the sole heir at law of the decedent Ada L. McDannold and as such was the owner of the premises in question. The determination of that issue was not necessary-in determining- the validity of the cause of action of the plaintiff. The plaintiff claimed the beneficial ownership of the property because of a resulting trust. There was no claim made of title by inheritance by virtue of a common-law or other marriage, hence such issue was not considered or determined. In determining the validity of that trust, which was the sole issue before the court in the original action, it was a matter- of no concern who were the heirs at law of Ada L. McDannold or as to their right of inheritance from her in case the trust failed; and not only McDonald himself, but the court so treated the matter, the former in shaping the pleadings and issues, and the latter in making no finding and entering no judgment on that issue.
 

 In applying the law as above outlined to the facts in this case, it is necessary to determine the claimed rights of the plaintiff, aside from the procedure followed by him in their assertion. A legal right is an interest with which the law invests a person, and for the infringement of which it gives him a remedy. The investiture of such right arises from and depends upon operative facts and circumstances which, under the law, create the right, preserve it and assure a remedy for its infringement. Such operative facts and circumstances constitute what is known as a cause of action. Although some confusion exists as to the distinction between right of action and cause of action (see Phillips’ Code Pleading, 28, Section 31), for the purpose of applying- the doctrine of
 
 res judicata,
 
 a cause of action may be defined as the fact or facts which establish or give rise to a right of action, the existence of which affords a party a right to judicial relief. 1 American Jurisprudence, 405, Section 2.
 

 
 *310
 
 Is the cause of action of the plaintiff in this action the same as that litigated in his first action? The defendants claim that it is and that
 
 res judicata
 
 is a defense to plaintiff’s action. This determination must be made from an examination of the essential operative facts stated as constituting plaintiff’s cause of action and the legal implications arising therefrom in each proceeding. In making this comparison, as a matter of convenience, the former action will be designated as the trust action and the present suit as the ejectment action. The issuable ultimate facts alleged and the legal implications arising therefrom as the bases of the two actions may be separately listed and stated as follows:
 

 Trust Action
 

 1. Action to establish a resulting trust in property in favor of plaintiff.
 

 2. Legal title in Ada L. McDannold and equitable title in plaintiff up to time of her death.
 

 3. Claim that consideration for acquisition of property by Ada L. MeDannold was paid by plaintiff.
 

 4. Alleged right or interest of plaintiff vested in lifetime of Ada L. MeDannold.
 

 5. Marriage of plaintiff and Ada . L. MeDannold not an issue, although evidence of marriage was offered which tended to rebut presumption of resulting trust and to support presumption of gift. Question of existence of resulting trust is not dependent upon any marital relationship.
 

 6. Claim to property free from claims of creditors of Ada L. MeDannold and from inheritance taxes.
 

 7. Equitable action triable to court and appealable on questions of both law and fact.
 

 Ejectment Action
 

 1. Action to recover possession of specific property claimed to be wrongfully withheld from plaintiff.
 

 2. Legal title in fee simple in Ada L. MeDannold at time of her death (admitted).
 

 3. No claim that any consideration for acquisition of property by Ada L. MeDannold was paid by plaintiff.
 

 4. Alleged right or interest, if any, of both plaintiff and Thomas A. McDonald vested upon the death of Ada L. MeDannold.
 

 5. Marriage of plaintiff and Ada L. MeDannold, the vital issue. Right of inheritance is wholly dependent upon the existence of a marital relationship.
 

 6. Claim to property subject to claims of creditors of Ada L. MeDannold, and subject to inheritance taxes.
 

 7. Law action triable to jury and appealable only on ques- . tions of law.
 

 
 *311
 
 From the above analysis it is clear that the plaintiff’s claims do not constitute a single but two distinct causes of action. This fact is established by the application of all the tests by which this question may be determined. The chief tests are found in the answer which must be given to such questions as: Do the two suits involve the same claim or demand? Even though there be identity of subject matter, is there identity of cause of action, that is, identity in the investitive facts which create the right of action asserted in each proceeding or suit? Is the same evidence necessary to sustain each cause of action? Did the claims or rights of action asserted by the plaintiff in both actions vest or accrue at the same time?
 

 In each instance the answer, from the facts in this case, must be in the negative. Whether different proofs are required to sustain the two actions is. said to be the best and most accurate test in determining whether the former action is a bar. 23 Ohio Jurisprudence, 973, Section 743; 2 Freeman on Judgments (5 Ed.), 1447, Section 687. In fact, it has been held to be an infallible test.
 
 Bittner
 
 v.
 
 West Virginia-Pittsburgh Coal Co.,
 
 15 F. (2d), 652;
 
 Hodge
 
 v.
 
 Shaw,
 
 85 Iowa, 137, 52 N W., 8, 39 Am. St. Rep., 290;
 
 Jacobs
 
 v.
 
 Jacobs,
 
 92 Ore., 255, 180 P., 515;
 
 Curtiss
 
 v.
 
 Crooks, Trustee, supra.
 

 Furthermore, the right or interest of the plaintiff, if any, in the property under the claim made in the trust action accrued during the lifetime of Ada L. McDannold and clearly could not be extinguished by her death. On the other hand, if the right under a claim of trust never existed, then the claim of an inheritable interest in the property arose upon, but not before, the death of Ada L. McDannold, conceding that the marriage is established and the jury so found in this present action. These claimed rights of the plaintiff could not both exist at the same time and, therefore, could not together constitute a single cause of action. And this is true
 
 *312
 
 even though there be some evidential facts which support both claims.
 

 The joinder of several causes of action in one action is permissible but not mandatory. Section 11307, General Code; Phillips’ Code Pleading, Section 320. While all claims of right embraced in a single cause of action must be prosecuted simultaneously, a litigant cannot be required to prosecute simultaneously all of his multiple causes of action even though they relate to the same subject matter. However, the court may, on motion of the defendant, order a consolidation of two or more suits pending simultaneously. 1 Ohio Jurisprudence, 383, Section 41. One may always bring a separate suit on each separate. cause of action, even if joinder of -the separate causes is permissible. 1 Ohio Jurisprudence, 383, Section 41;
 
 Simon
 
 v.
 
 Union Trust Co.,
 
 126 Ohio St., 346, 185 N. E., 425;
 
 Wharton
 
 v.
 
 Pollock,
 
 49 Ohio App., 443, 445, 197 N. E., 379.
 

 The rule that a judgment is conclusive, not only as to what was determined in an action but as to all issues of fact which properly might have been determined therein, is
 
 limited to cases involving a single cause of action.
 
 30 American Jurisprudence, 925, Section 180; 23 Ohio Jurisprudence, 979, Section 748; Restatement of Judgments, 158, 159 and 208;
 
 Babcock & Co. v. Camp,
 
 12 Ohio St., 11;
 
 Cin. W. & B. Rd. Co.
 
 v.
 
 Hoffhines,
 
 46 Ohio St., 643, 22 N. E., 871;
 
 Hixson
 
 v.
 
 Ogg, supra; Rempe & Son
 
 v.
 
 Ravens, supra; Sauer
 
 v.
 
 Downing,
 
 109 Ohio St., 120, 142 N. E., 29; 2 Freeman on Judgments (5 Ed.), 1421, 1422, Sections 674, 675;
 
 Newhall
 
 v.
 
 Enterprise Mining Co., supra; Cromwell
 
 v.
 
 Sac County, supra.
 
 Of course, one cannot split a single cause of action
 
 (Ewing
 
 v.
 
 McNairy & Clafflin,
 
 20 Ohio St., 315;
 
 James
 
 v.
 
 Allen County, supra),
 
 but when the second action is upon a different claim, or demand, or cause of action, the judgment in the first suit operates as an estoppel only as to the points or questions ac
 
 *313
 
 tually litigated and determined, and not as to other matters which might have been but were not litigated and determined therein. 23 Ohio Jurisprudence, 981, Section 749; Restatement of Judgments, 159, 258, 294 and 300.
 

 From these principles, supported by ample authority, we must conclude that the judgment in favor of the defendants and against the plaintiff in the former action or trust case is conclusive as to the nonexistence of a trust under which the plaintiff claimed a beneficial interest in the property; but it is not a bar as to the existence of an inheritable right in the plaintiff to the property as the heir-at-law of Ada L. McDannold, the issue squarely made in this action. The latter issue was not made,'was not under consideration, was not litigated and was not determined in the trust action. That issue is made for the first time in this action and should be here determined.
 
 Res judicata,
 
 based upon the trust action, is no defense in this action.
 

 In fact, the trial court, in passing upon the motion for judgment notwithstanding the verdict, recognized the fact that the claim made by the plaintiff in this case, namely, an inheritable right to the property in question through a common-law marriage with Ada L. McDannold, was not considered or passed on in the trust action. The court in its opinion rendered in passing on the motion for judgment said:
 

 “In the trial of the trust case some evidence as to Norwood being the common-law husband was introduced to support the claim of the plaintiff, Norwood, that the relation of trustee and
 
 cestui que trust
 
 existed. The defendants produced some witnesses whose testimony tended to show that the relationship of husband and wife did not, in fact, exist. This matter, however, was not the issue made by the pleadings before the court but was incidental and collateral to said issue.
 

 “The court is therefore of the opinion that the issue
 
 *314
 
 made up by the pleadings in the [present] ejectment suit as to the relationship of plaintiff and the deceased was not actually considered as being included as an issue in the trust case. If this matter is to be held as
 
 res judicata
 
 it must be on the theory that the matters involved in the ejectment suit might have and could have been included and decided in the trust case. * * *
 

 ‘ ‘ The court is of the opinion that the plaintiff in the original suit could have set forth both claims, namely, that he was entitled to the property by virtue of a trust and that he was entitled to the property by virtue of his being the surviving common-law husband. He might have pleaded these two causes of action in the alternative. It is true he may have been compelled to elect upon which cause of action he would proceed, and succeed or fail upon that cause which he relied upon as the stronger and be bound by that decision as to the other cause of action. It is not the policy of the law to permit a party to blow hot and cold, and to file a suit based upon certain facts and then when defeated allege other facts which would nullify the effect of the former claim.”
 

 The trial court, as disclosed by the opinion above quoted, took the position that while the claim or cause of action litigated in the second action was not litigated or considered in the first action, it could have been and should have been so litigated, and that because this was not done the claim made in the present action is barred. The court failed to recognize that the rule which it applied can apply only where there is a single cause of action involved in both suits. Since there were two entirely separate and distinct causes of action involved in this litigation, the plaintiff was not required to prosecute them in one action. On the contrary, the plaintiff was entitled to pursue what appeared to him to be his most advantageous remedy, and, even though he was
 
 *315
 
 unsuccessful in that, he had a right, as shown in the course of this opinion, to pursue another less advantageous but nonetheless valid and appropriate remedy which he is pursuing in this action.
 

 Slight attention need be given to the effect of the judgment against the defendants in the injunction suit in which they sought to enjoin the prosecution of the present action. The court dismissed the petition for the reason that the plaintiffs in that action, appellees here, had an adequate remedy at law in that
 
 res judicata,
 
 which was the basis of the action for injunctive relief, could be pleaded as a defense and determined in this case. The court, therefore, made no decision as to the merits of the plea of
 
 res judicata,
 
 but on the contrary, held that it should not be considered at all in that case.
 

 The appellees also claim that the appellant is concluded, through the application of the doctrine of election of remedies, as to all his rights claimed in this action by the adverse result to him in the former trust action. The doctrine of election of remedies, is applicable only where, at the time of election, there are available to the litigant for the assertion of a single right, two or more coexisting remedies which are repugnant to and inconsistent with each other.
 
 Frederickson
 
 v.
 
 Nye,
 
 110 Ohio St., 459, 144 N. E., 299, 35 A. L. R., 1163; 18 American Jurisprudence, 134, Section 11.
 

 If a plaintiff obtains a judgment granting him one of two alternative or mutually exclusive remedies for the assertion of the same right or the same relief, he is precluded from- thereafter maintaining an action for the other remedy. Restatement of Judgments, Section 64. But, where a judgment is for the defendant in a suit based upon one of two mutually exclusive remedies,
 
 the plaintiff is not precluded
 
 from thereafter maintaining an action for the other remedy. Restate
 
 *316
 
 ment of Judgments, Section 65, comment k. For example, where the plaintiff in his individual capacity is not entitled to maintain an action to recover damages for causing death in an action based upon a federal statute, but is entitled in such capacity to maintain an action to recover such damages for such injury in an action based upon a state statute, the fact that the plaintiff brought an action based upon the state statute and judgment was given for the defendant on the ground that a fellow workman was negligent does not preclude the plaintiff from thereafter maintaining, under the federal statute, an action in a representative capacity for the same injury.
 
 Troxell
 
 v.
 
 Delaware, Lackawanna & Western Rd. Co., supra.
 

 The plaintiff in this case had but one of two possible remedies. He could claim title to the property by reason of the trust if the trust existed, or he could claim title by inheritance if the marriage existed. Both bases of title could not coexist. If he had title through the trust, there was nothing to -inherit -even though Ada L. McDannold was his wife at the time of her death. If, however, there was no trust, then he could inherit the property as the heir-at-law of Ada L. McDannold. The existence or nonexistence of a valid trust in his favor, a substantive right, depended upon the juridical effect of the evidence which could be determined definitely only through an action for that purpose. Until such action was prosecuted he was unable to determine to which one of two possible remedies he was entitled.
 

 On this subject, 15 Ohio Jurisprudence, 252, Section 30, and 18 American Jurisprudence, 147, Section 24, say “It is a well-established rule that, the choice of a fancied remedy which never existed, and the futile pursuit of it, either because the facts turn out to be different from what the plaintiff supposed them to be, or the law applicable to the facts is found to be other than supposed, though the first action proceeds to judg
 
 *317
 
 ment, does not preclude the plaintiff from thereafter invoking the proper remedy, in the absence of facts which create an estoppel.” Approved by Judge Jones in
 
 Conrad, Admx., v. Youghiogheny & Ohio Coal Co.,
 
 107 Ohio St., 387, 140 N. E., 482, 36 A. L. R., 1288. See, also,
 
 Schultz
 
 v.
 
 Brunhoff Mfg. Co.,
 
 22 Ohio App., 220, 153 N. E., 924;
 
 Bedinger
 
 v.
 
 Stevie,
 
 27 C. D., 393.
 

 “If a wrong has been inflicted and the victim is doubtful as to which of two or more remedies the facts will support, he may pursue all of them until he recovers by means of one. And this principle is not affected by the rule which prevents the splitting of a single cause of action into separate causes of action.” 15 Ohio Jurisprudence, 253, Section 31. See
 
 Wessel
 
 v.
 
 Shank, Admr.,
 
 57 Ohio App., 35, 11 N. E. (2d), 275;
 
 Taylor, Admr.,
 
 v.
 
 Quinn,
 
 68 Ohio App., 164, 39 N. E. (2d), 627.
 

 This rule or doctrine is well illustrated by the case of
 
 Conrad, Admx.,
 
 v.
 
 Youghiogheny & Ohio Coal Co., supra.
 
 In that case the plaintiff brought suit for the death of her decedent, charging negligence under the common law. The injury causing decedent’s death was alleged to have been sustained while he was riding in one of the cars of the defendant, employer of the decedent, “after the termination of his day’s employment, and while not in the course of his employment.” In the second defense of the answer the defendant alleged that it had complied with the Workmen’s Compensation Act; that the plaintiff had theretofore made claim to the Industrial Commission on account of the death of her decedent from injuries claimed to have been received in the course of his employment; that her claim had been denied, whereupon she had appealed to the Common Pleas Court, which dismissed such appeal; and that in filing her application for compensation she had made her election and was, therefore, estopped from asserting her action for damages. The
 
 *318
 
 reply alleged that the Industrial Commission had refused to make an award upon the ground that at the time plaintiff’s decedent met his death he was not engaged as an employee of the. defendant. At this stage of the case, the defendant’s motion for judgment on the pleadings was sustained on the ground' that the plaintiff, in unsuccessfully prosecuting her claim for compensation, had waived her option to sue for damages.
 

 This court on review held that on the motion for judgment on the pleadings, the fact must be conceded, as alleged in the-amended petition, that the deceased was killed “after the termination of his day’s employ-' ment and while not in the course of his employment,” and further held that the question before the court was whether the plaintiff was concluded by an estoppel of record evidenced by the finding of the commission against her. On giving answer to that question, this court held that if the finding had been in favor of the applicant, or if the latter had accepted compensation under the act, she would have been estopped from instituting her suit for damages, but that since the sole ground of rejection of her claim for compensation by the commission was that the deceased was not in the employ of the defendant or killed in the course of employment, she could maintain her action for damages against the employer, as at common law. The fact that she had failed in pursuing a mistaken remedy as disclosed by the allegations of the answer and reply, did not preclude her from pursuing the only remedy which was, in fact, available to her.
 

 Judge Jones in the course of his opinion in the case just referred to, says: “This principle is supported by
 
 Lessee of Lore
 
 v.
 
 Truman,
 
 10 Ohio St., 45. There the jurisdiction of a court of equity had been sought by the plaintiff, and it was held that a dismissal for want of equitable jurisdiction would not estop the plaintiff from
 
 *319
 
 seeking relief in a court of law touching the matters relied upon in his equitable suit * * * .”
 

 Judge Jones further says in the course of his opinion:
 

 “The following is the syllabus in
 
 Water, Light & Gas Co.
 
 v.
 
 Hutchinson,
 
 160 F., 41, 90 C. C. A., 547, 19 L. R. A. (N. S.), 219:
 

 “ ‘The fact that a party through mistake attempts, to exercise a right to which he is not entitled or has made choice of a supposed remedy which never existed, and pursued it until the court adjudged that it never existed, does not preclude him from afterwards pursuing a remedy for relief, to which in law and good conscience he is entitled.’ ”
 

 To the same effect are
 
 Harrill
 
 v.
 
 Davis,
 
 168 F., 187, 94 C. C. A., 47, 22 L. R. A. (N. S.), 1153;
 
 Rankin
 
 v.
 
 Tygard,
 
 198 F., 795, 119 C. C. A., 591;
 
 Standard Oil Co. of Kentucky
 
 v.
 
 Hawkins,
 
 74 F., 395, 20 C. C. A., 468, 33 L. R. A., 739;
 
 Zimmerman
 
 v.
 
 Robinson & Co.,
 
 128 Iowa, 72, 102 N. W., 814;
 
 Cramer
 
 v.
 
 Moore,
 
 36 Ohio St., 347;
 
 Porter
 
 v.
 
 Wagner,
 
 36 Ohio St., 471; Courtney
 
 v. Courtney,
 
 149 Iowa, 645, 129 N. W., 52;
 
 Henry
 
 v.
 
 Herrington,
 
 193 N. Y., 218, 86 N. E., 29, 20 L. R. A. (N. S.), 249 ;
 
 Schenck
 
 v.
 
 State Line Telephone Co.,
 
 238 N. Y., 308, 144 N. E., 592, 593, 35 A. L. R., 1149.
 

 The case of
 
 Austin
 
 v.
 
 First Trust & Savings Bank,
 
 343 Ill., 406, 175 N. E., 554, shows a strong analogy to the case at bar. In that case the plaintiff, who was also the plaintiff in error, first claimed title to certain personal property as a gift
 
 causa mortis
 
 through written instruments executed by his wife. Failing in this, he then claimed title to the same property through the same written instruments as codicils to the last will and testament of his wife. Under his first contention he claimed title passed to him iñ the form of a conditional gift; under the second, he claimed title passed to him under a will upon her death. An order denying
 
 *320
 
 the probate of the two instruments as codicils was affirmed by the Appellate Court, and plaintiff appealed to the Supreme Court.
 

 In its opinion, at page 410, the Supreme Court said:
 

 “It is claimed by defendant in error that whenever the law supplies to a party two or more methods of redress in a given case, based upon inconsistent theories, however those methods may differ either in form, or form of procedure or in the personality of the parties to the several proceedings, the party is put to his election, and his choice of either is a bar to his resort to the other, and, the plaintiff in error having elected to attempt to establish a gift
 
 causa mortis
 
 in the citation proceeding by reason of the instruments of June 29,1922, by such election he is stopped and barred from now having them probated as codicils to the will. * * *
 

 “The rule of law contended for by defendant in error does not apply to the facts of this case. Plaintiff in error did not have the choice of two remedies. In fact he did not have two remedies. The fact that he may have mistakenly believed that he had a remedy in the citation proceedings and could establish a gift
 
 causa mortis
 
 does not constitute such an election of remedies as would bar him in the present suit from claiming that the instruments * * * were codicils to the will. Even the institution of a suit will not be held such a decisive act as to constitute a waiver of rights which would be inconsistent with the maintenance of such suit if the court in which the first action is brought has no jurisdiction to try the cause, if the cause of action is prematurely brought and is defeated for that reason,
 
 if the suitor has in his first action: mistaken his remedies and is defeated on that ground,
 
 or if an action is commenced in ignorance of material facts which proffer an alternative 'remedy, the knowledge of which is essential to an intelligent choice of procedure.
 
 Chicago Terminal Rd. Co.
 
 v.
 
 Winslow, 216
 
 Ill., 166, 74
 
 N.
 
 
 *321
 
 E., 815;
 
 Garrett
 
 v.
 
 Farwell Co.,
 
 199 Ill., 436, 65 N. E., 361. In
 
 Kelly
 
 v.
 
 Curtis (In re Broffee’s Estate),
 
 206 Mich., 107, 172 N. W., 541, it was held, that a party claiming title under an instrument is not estopped, on the doctrine of election of remedies, from propounding the instrument as a will by the fact that he had ineffectually claimed that it was a deed when defending an action in ejectment, such doctrine not applying to a-case of mistaken remedy. * * * Plaintiff in error is not • now estopped from presenting the instruments of June 29,1922, for probate as codicils to the will of Mrs. Austin by not filing them with the will in 1922, or by reason of his mistaken use of them in his attempt to estab-' fish a gift
 
 causa mortis,
 
 and his mistake as to the effect of such instruments will be treated as analogous to,, if not identical with, a mistake of fact.” (Italics ours.)
 

 The case of
 
 Weeks
 
 v.
 
 Edwards, Admx.,
 
 176 Mass., 453, 57 N. E., 701, was an action to establish a resulting trust in a tract of land in Falmouth, Massachusetts, formerly held in fee simple by the father of the plain- ’ tiff and the defendants, on the ground that the plaintiff had given the father half of the purchase price of the property with the understanding that the latter • would buy the land for both. The defendants pleaded that before bringing this action the plaintiff brought an action to partition the property in which he alleged that his interest in the land was one-fifth, which was his share by descent. The defendants answered admitting plaintiff’s one-fifth interest. ' While the partition action was pending, plaintiff moved to dismiss the proceedings but the court continued the action without prejudice to await final action in the later case." The Superior Court held that the partition proceeding was no bar to the action to establish a trust.
 

 Chief Justice Holmes, speaking for the court, said:
 

 £ ‘ The ruling was right. The ground taken' by the de
 
 *322
 
 fendants is that the partition proceedings are inconsistent with this bill in equity, that if they had gone to judgment they would be a bar, and that therefore the pendency of them equally is a bar. It is unnecessary to say all that might be said in answer to this argument. It is enough that the proceedings are not inconsistent. Those for partition go on the legal title. The plaintiff has a legal title to one-fifth. It is consistent with this that he should have an equitable right to a larger share. The assertion of the equitable right is not inconsistent with a wish to have what he is admitted to own set off to him. All that can be said is, that, when asserting an equitable title a man would not be so likely to ask for a partition before as after the equitable rights were disposed of, and either adjudicated against or turned into legal rights by conveyances. This the plaintiff recognized, and it is not his fault that the partition proceedings still are in court. But there is no logical inconsistency in his asserting his admitted legal rights and-his controverted equitable rights at the same time. * * *
 
 Williams
 
 v.
 
 Van Tuyl,
 
 2 Ohio St., 336, 338. * * *
 

 “The case is not argued for the defendants as one of election, and plainly is not one. The plaintiff is not called upon to choose between his legal and his equitable title.
 
 He has a right to assert his equitable title in addition to that which he has by the common law.
 
 There is not even occasion to require the plaintiff to elect between remedies, as when he has vexed the defendant with two suits for the same cause.
 
 Sandford
 
 v.
 
 Wright,
 
 164 Mass., 85, 87;
 
 Connihan
 
 v.
 
 Thompson,
 
 111 Mass., 270, 272.”
 

 Here the plaintiff had but one remedy, not two remedies as to which election might be required. By his first action it was determined that he did not have a remedy by way of a resulting-trust, because the evidence would not sustain it. The result in that action does not bar this suit in which he pursues a different remedy found by the jury to be valid.
 

 
 *323
 
 For reasons already stated and upon the authorities cited and discussed, the judgment of the Court of Appeals and that of the Common Pleas Court are. reversed, and the cause is remanded to the Common Pleas Court for further proceedings according to law..
 

 Judgment reversed, and, cause remanded.
 

 Matthias, Zimmerman and Williams, JJ., concur.
 

 Weygandt, C. J., and Turner, J., dissent.
 

 Bell, J., not participating.