Twitchell et al., Appellants, *v.* Alexander & Liggett, Inc., Appellant; Sharp, Admr., et al., Appellees.

52

*Messrs. Lane, Huggard & Alton* and *Mr. Maynard M. Donaldson,* for appellants.
*Messrs. Kincaid, Palmer & Randall,* for appellees.

BRYANT, J. This is an appeal on questions of law and fact. The appellants include Harold P. Twitchell and others, who are the owners of nineteen lots located in a subdivision in Norwich Township, Franklin County, Ohio, and they include all the plaintiffs in the court below. According to the petition they purchased the lots in question from Alexander & Liggett, Inc., one of the defendants below and the other appellant in this court.

Alexander & Liggett, Inc., purchased the premises in question at a private sale as a part of a tract of approximately 24.976 acres under authority of proceedings in the Probate Court of Franklin County, Ohio, said premises having previously been a part of the estate of the late Dr. Robin T. Sharp.

The petition in this case seeks to quiet title in the plaintiffs with respect to the ownership of the nineteen lots in question, which they allege they have improved "with single residence dwellings, garages, landscaping, shrubbery and other appurtenances at an aggregate cost to them of approximately five hundred thousand and no/100 ($500,000) dollars."

Other defendants in the court below were Marianna P. Sharp, widow of the testator, who, after the filing of this appeal, died; Victoria C. Sharp, minor daughter of the testator, central figure in the controversy; and the Ohio National Bank of Columbus, Ohio, "as successor guardian of the estate of Victoria C. Sharp, a minor" and as "trustee of a trust created by Marianna P. Sharp, October 14, 1954." After the death of Marianna P. Sharp, upon motion of several of the parties, an order was entered that "Robin T. Sharp, administrator of the estate of Marianna P. Sharp, deceased, is hereby substituted as a party-defendant-appellee for Marianna P. Sharp, deceased, and Robin T. Sharp, guardian of the person of Victoria C. Sharp, is hereby made a party-defendant-appellee herein, and this cause shall continue."

The facts in the case are not in dispute. On July 27, 1944,

Dr. Sharp made a will leaving all his property to his wife, Marianna P. Sharp, now deceased, under item II and item III of the will, which read as follows:

"All the property, real and personal, of every kind and description, wheresoever situate, which I may own or have the right to dispose of at the time of my decease, I give, bequeath and devise to my wife, Marianna P. Sharp, absolutely and in fee simple.

"I make, nominate and appoint my wife, Marianna P. Sharp, to be the executrix of this my last will and testament, hereby authorizing and empowering my said executrix to compound, compromise, settle and adjust all claims and demands in favor of or against my estate; and to sell, at private or public sale, at such prices and upon such terms of credit or otherwise, as she may deem best, the whole or any part of my real or personal property, and to execute, acknowledge and deliver deeds and other proper instruments of conveyance thereof to the purchaser or purchasers. No purchaser from my executrix need see to the application of the purchase money to or for the purposes of the trust, but the receipt of my executrix shall be a complete discharge and acquittance therefor. I request that no bond be required of my said executrix."

At the time of executing the above will, Dr. and Mrs. Sharp were the parents of three living, minor children, Robin T. Sharp, Jr., David M. Sharp and John C. Sharp. On January 12, 1946 (approximately eighteen months after the execution of the will), a fourth child, Victoria C. Sharp, was born. On February 7, 1951 (approximately six and one-half years after the execution of the will), Dr. Sharp died. His will was admitted to probate in the Probate Court of Franklin County, Ohio. At the time of Dr. Sharp's death, Section 10504-49 of the General Code (now Section 2107.34, Revised Code), with reference to afterborn or pretermitted heirs, provided in part as follows:

"If after making a last will and testament, (a) the testator has a child born alive, * * * and no provision has been made in such will or by settlement for such pretermitted child * * * the will shall not on that account be revoked, but, unless it shall appear by such will that it was the intention of the testator to disinherit such pretermitted child * * * the devises and legacies by such will granted and given shall be abated proportionately

(or in such other manner as may be found necessary to give effect to the intention of the testator as shown by the will) so that such pretermitted child * * * will receive a share equal to that which such person would have been entitled to receive out of the estate if such testator had died intestate. * * *

"* * * In settling the extent of the claim of a pretermitted child * * * any portion of the estate of the testator received by a party interested, by way of advancement, shall be deemed a portion of the estate, and charged to the party who has received it.

"Though measured by the law of intestate succession, the share taken by a pretermitted child * * * shall be considered as a testate succession. The provisions of this section shall not prejudice the right of any fiduciary to act under any power given by the will, nor shall the title of innocent purchasers for value of any of the property of testator's estate be affected by any right given by this section to a pretermitted child or heir."

The total value of Dr. Sharp's estate was approximately $68,000, while the debts and the allowance to the widow for her year's support amounted to approximately $37,000. The widow, to prevent a forced sale of the assets constituting the estate of Dr. Sharp, advanced funds belonging to her to pay the debts, and thereafter all the assets including the real estate in question were transferred to the widow, the late Marianna P. Sharp. It appears from the certificate of transfer that, by its terms, the entire interest in the real estate was purported to be transferred to the late Mrs. Sharp. On March 9, 1953, a guardian was appointed for the late Mrs. Sharp, and on May 6, 1953, the guardian brought an action in the Probate Court to sell the real estate, the petition alleging that it was necessary to sell the real estate "for the discharge of said liens on said real estate, a better investment of its value can be made, and it will be for the benefit of the said ward and her children." This petition also made reference to all four of the minor children of Mrs. Sharp. now deceased.

The tract of land in question, including the lots owned by the plaintiffs in this case, was sold at private sale to Alexander & Liggett, Inc., for $32,500, the Probate Court in confirming the sale ordering the guardian to execute a deed "of all the

right, title and interest of his ward, the said Marianna P. Sharp, to the purchaser, Alexander & Liggett, Inc.''

Subsequently, an abstract of the title of the property was furnished to Alexander & Liggett, Inc. Included in it was a continuation from April 16, 1951, to September 19, 1954. The continuation contained thirty sections or items and referred in some detail to the proceedings in the Probate Court, including the administration of the estate, the guardianship of Mrs. Sharp, now deceased, and the sale of the real estate. On September 25, 1954, the deed of the guardian of the late Mrs. Sharp in favor of Alexander & Liggett, Inc., was executed and filed for recording.

The petition in this case alleges that the Ohio National Bank as guardian of the estate of Victoria C. Sharp claims on behalf of Victoria C. Sharp an undivided interest in the real estate owned by the plaintiffs and near the end of the petition sets forth seven contentions which are as follows:

''(1) That by the provisions of his last will and testament Robin T. Sharp intended to disinherit all his children and give his entire estate to his wife, regardless of whether or not the children were in being at the time of the making of said will or born thereafter;

''(2) That in the event said Victoria C. Sharp was not disinherited pursuant to the provisions of said last will and testament, any right or claim she may have therein is limited to a claim against her mother as the sole legatee of said decedent's estate, and was, in fact, provided for by her mother in the creation of the irrevocable trust hereinabove referred to for the benefit of said Victoria C. Sharp, among others;

''(3) That any rights or claims which the said Victoria C. Sharp may have had in the real estate described in the petition in case No. 148676, hereinabove referred to, of which said Robin T. Sharp died seized and especially the tract of which plaintiffs' premises are a part, were extinguished in the aforesaid proceedings to sell the same to defendant, Alexander & Liggett, Inc., in the Probate Court of Franklin County, Ohio. (As amended by entry of December 10, 1959.)

''(4) That if the said Victoria C. Sharp has any rights or claims in said real estate, which plaintiffs deny, such rights should be transferred to and follow the proceeds from the sale of said premises to Alexander & Liggett, Inc.;

"(5) That the rights and claims of said Victoria C. Sharp and The Ohio National Bank of Columbus, Ohio, as guardian of her estate are res judicata;

"(6) That to permit any rights to be asserted against the property of plaintiffs by or on behalf of said Victoria C. Sharp would unjustly enrich the said Victoria C. Sharp;

"(7) That to permit any rights to be asserted against the property of plaintiffs by or on behalf of said Victoria C. Sharp would work an unjust, unequitable hardship on plaintiffs."

The prayer of the petition reads as follows:

"Wherefore, plaintiffs, and each of them, pray that the court fix and determine the rights of the parties with respect to the matters hereinabove set forth; that the court render a declaratory judgment concerning said rights, interests and claims; that the plaintiffs, and each of them, be adjudged the owners of their respective real estate hereinabove described, free and clear of any and all claims by or on behalf of said Victoria C. Sharp and The Ohio National Bank as guardian of the estate of Victoria C. Sharp; and for such other and further relief in the premises as is just, equitable and proper."

The court below, upon consideration of the pleadings, stipulations, exhibits, briefs and arguments of the parties, overruled the contentions of the plaintiffs and held in favor of the claims of Victoria C. Sharp, the court's decision concluding as follows:

"The inescapable fact is that Victoria C. Sharp by virtue of a law of Ohio, inherited a share of her father's estate and she has not been divested of it. Under the Constitution of the United States, she can not be deprived of her property without due process of law. Under the law as we see it, she still has her intestate interest in the property in question. An entry may be drawn making such a declaration."

Pursuant to the foregoing decision, the court approved a journal entry, reading in part as follows:

"This cause, having been advanced for trial upon the application of the plaintiffs and agreement of counsel for the defendants, came on to be heard upon the petition of the plaintiffs, the answers of the defendants, Alexander & Liggett, Inc., Marianna P. Sharp, Samuel B. Randell, guardian *ad litem* of Victoria C. Sharp, a minor, The Ohio National Bank of Co-

lumbus, successor guardian of the Estate of Victoria C. Sharp, The Ohio National Bank of Columbus, trustee of a trust created by Marianna P. Sharp, the reply of the plaintiffs, the stipulation of facts, exhibits and briefs of counsel.

"The court finds that all parties have been served with summons according to law or have voluntarily waived the service of summons and entered their appearance herein, and that all parties are properly before the court.

"Further, the court finds that Robin T. Sharp died testate on the 7th day of February, 1951, and that his last will and testament, executed the 27th day of July, 1944, was admitted to probate in the Probate Court of Franklin County, Ohio. Further, the court finds that Victoria C. Sharp was born on the 12th day of January, 1946, after the execution of the last will and testament by her father, Robin T. Sharp. Further, the court finds that Robin T. Sharp died seized of the following described real estate:

"* * * [Metes and bounds description omitted here.]

"Further the court finds that Robin T. Sharp died leaving Marianna P. Sharp his surviving spouse and four minor children, one of whom was Victoria C. Sharp. The court further finds that Victoria C. Sharp is the pretermitted heir of Robin T. Sharp, deceased, and that Robin T. Sharp did not disinherit said Victoria C. Sharp by the terms of his last will and testament, nor did he make any settlement or other provision for her by his last will and testament or otherwise.

"Further, the court finds that Victoria C. Sharp is seized of an undivided one-sixth interest of the real estate owned by Robin T. Sharp on the date of his death.

"Further, the court finds that the interest of Victoria C. Sharp in and to said land was not divested in the land sale proceeding of the guardian of Marianna P. Sharp in the Probate Court of Franklin County, Ohio, in cause No. 148,676; that Victoria C. Sharp is not remitted to the fund arising from said land sale proceeding; that her interest in said land was not sold and that said land sale proceeding is not *res judicata* against Victoria C. Sharp.

"Further, the court finds that defendant, Alexander & Liggett, Inc., was not a bona fide purchaser for value; further, the court finds that the defendant, Alexander & Liggett, Inc., pur-

chased said property from the guardian of Marianna P. Sharp at private sale under the orders of the Probate Court, Franklin County, Ohio in cause No. 148,676; that the abstract of title for said real estate furnished to Alexander & Liggett, Inc. set forth the estate of Robin T. Sharp, deceased, and all facts pertaining to the interest of Victoria C. Sharp in said real estate; the court further finds that Alexander & Liggett, Inc. had notice of the interest of Victoria C. Sharp in said real estate and, for that reason, was not an innocent purchaser.

"Further, the court finds that the plaintiffs derived title to the premises owned by each of the plaintiffs from or through the defendant, Alexander & Liggett, Inc.

"Further, the court finds that the interest of Victoria C. Sharp in and to said real estate is a legal interest and that she is not unjustly enriched thereby; and the court further finds that the plaintiffs do not suffer any unjust enrichment or inequitable hardship by reason of her legal interest in said real estate.

"It is therefore ordered, adjudged and decreed

"1. That Victoria C. Sharp is the pretermitted heir of Robin T. Sharp, deceased, and that the last will and testament of Robin T. Sharp did not disinherit Victoria C. Sharp;

"2. That Victoria C. Sharp is the owner of and is seized of an undivided one-sixth interest in and to the real estate owned by Robin T. Sharp at the time of his death, which vested in her at his death;

"3. That Victoria C. Sharp is not remitted to the fund arising from the sale of said real estate by the guardian of Marianna P. Sharp in cause number 148,676, Probate Court, Franklin County, Ohio, and that the interest of Victoria C. Sharp was not sold in said proceedings;

"4. The land sale proceeding by the guardian of Marianna P. Sharp is not *res judicata* against Victoria C. Sharp;

"5. That the defendant, Alexander & Liggett, Inc., had notice of the interest of Victoria C. Sharp and that it was not a bona fide purchaser for value;

"6. The interest of Victoria C. Sharp in and to said real estate is a legal interest and that she is not unjustly enriched and the plaintiffs will suffer no unjust hardship.

"The costs hereof are taxed against the plaintiffs.

"To all of which the plaintiffs and the defendant, Alexander & Liggett, Inc., except."

After the overruling of a motion for a new trial, notice of appeal to this court on questions of law and fact was filed.

The basic contentions of appellants in this court, as set forth in their brief, are as follows:

"Appellants' basic contention is, of course, that The Ohio National Bank acting in its capacity of guardian of Victoria C. Sharp and not in its capacity of trustee for others, including Victoria C. Sharp, has no claim upon the property of the appellants.

"In support of this appellants advance the following:

"(1) Under the law of Ohio as amended in 1932 a pretermitted child is entitled to a share equal to that to which she would have been entitled had the testator died intestate, but this does not grant to the child a specific interest in any property of which the testator died seized.

"(2) The guardian of Victoria C. Sharp is estopped to claim any interest in the property of the plaintiffs by reason of estoppel by judgment and res judicata.

"(3) The circumstances surrounding the execution of the will, the language of the will, and testator's conduct before and after the will indicate an intention as a matter of law by the will in question to disinherit all children.

"(4) In any event, a settlement within the terms of the pretermitted child statute was actually provided for Victoria C. Sharp by means of life insurance."

The contentions advanced by appellants will be considered by us in the order hereinabove set forth.

The first contention, in substance, is that an afterborn or pretermitted heir does not receive "a specific interest in any property of which the testator died seized." We find ourselves unable to reconcile this contention with the provisions of Section 10504-49, *supra*, granting to such pretermitted child "a share equal to that which such person would have been entitled to receive out of the estate if such testator had died intestate."

This estate had assets far exceeding its liabilities. Under such circumstances, it seems clear that, upon the death of the testator, the interest reserved by this statute in the real estate

of the testator passed to and vested in Victoria C. Sharp instantly. It further appears to us that the title to this portion of the real estate at no time vested in the mother, either in her capacity as executrix or as apparent sole beneficiary of the testator. We conclude, therefore, that Victoria C. Sharp did obtain a specific interest in the parcel of real estate of which her father died seized and that the so-called first contention of appellants is not well taken and must be overruled.

The second contention in substance is that "by reason of estoppel by judgment and res judicata" the guardian of Victoria C. Sharp is estopped to claim any interest in the property. In support of this contention, appellants rely upon the proceeding brought by the guardian of Marianna P. Sharp, now deceased.

The proceedings were brought by the guardian under Section 10510-9 of the General Code (now Section 2127.07 of the Revised Code), upon the theory that the late Marianna P. Sharp had complete title to all the real estate in question.

On the contrary, if it had been assumed that the late Marianna P. Sharp owned only a fractional interest in the property, the action by the guardian would have been brought under authority of Section 10510-10 of the General Code (now Section 2127.08 of the Revised Code). In the petition for authority to sell the real estate, it was alleged that the late Mrs. Sharp was possessed of the fee simple title to the real estate.

In case of *Norwood* v. *McDonald et al., Admrs.*, 142 Ohio St., 299, the second and fourth paragraphs of the syllabus read as follows:

"2. A judgment or decree in a former action does not bar a subsequent action where the causes of action are not the same, even though each action relates to the same subject matter."

"4. To determine whether a second action is based upon the same cause of action as that litigated in a former action claimed to be a bar to the second action under the doctrine of *res judicata*, the primary tests are the identity of investitive facts creating the right of action in each case; the identity of the evidence necessary to sustain each action; and the accrual of the alleged rights of action at the same time."

We conclude, therefore, that the claim now advanced on behalf of Victoria C. Sharp was not considered or decided by the Probate Court in the action brought by the guardian of the

late Marianna P. Sharp, and hence that neither estoppel by judgment nor *res judicata* is applicable to the guardian of Victoria C. Sharp. The second contention is therefore not well taken and must be overruled.

The third contention of appellants is that the testator intended to disinherit all his children, including Victoria, and it is claimed that this is shown by the following:

(a) Circumstances surrounding the execution of the will;

(b) The language of the will; and

(c) The conduct of the testator before and after making his will.

It is the contention of appellants that the provision of the will making the mother the sole beneficiary, and therefore in effect disinheriting the three children who were living at the time the will was made, is evidence of an intention on the part of the testator to disinherit Victoria C. Sharp.

Appellants also rely upon the passage of eighteen months between the making of the will and the birth of Victoria, and the passage of an additional five years after the birth of Victoria until the death of the testator, during which time the testator took no steps to modify his will.

Reliance is also placed on changes made by the testator in the beneficiaries of the life insurance policies.

We are unable to see how the action taken in this case with respect to the insurance is evidence of an intention to disinherit Victoria C. Sharp, nor do we believe the other evidence relied upon by appellants justifies such a conclusion. We feel therefore the third contention is not supported by the evidence in this case.

What we have said above, in our opinion, disposes of the fourth contention of the appellants, namely, that Victoria C. Sharp was intended to be disinherited by virtue of a settlement made by means of life insurance. Reference is made to acts by the mother or by her guardian, but, as we see it, no consideration can be given to acts done or steps taken by persons other than the testator himself as evidence of the testator's intent. The fourth contention must also be overruled.

We conclude, therefore, and a decree to this effect will be entered, that Victoria C. Sharp is the pretermitted heir of Robin T. Sharp, deceased; that the last will and testament of

Robin T. Sharp did not disinherit Victoria C. Sharp; that she is the owner of an undivided one-sixth interest in the real estate owned by Robin T. Sharp at the time of his death; that she is not remitted to the fund from the sale ordered in case No. 148,676 of the Probate Court of Franklin County, Ohio; that her interest in the said real estate was not sold in the aforesaid Probate Court proceedings; that the defendant, Alexander & Liggett, Inc., had notice of the interest of Victoria C. Sharp and was not a bona fide purchaser for value; that the interest of Victoria C. Sharp in the real estate aforesaid is a legal interest; and that she is not unjustly enriched and plaintiffs will suffer no unjust hardship.

*Judgment accordingly.*

DUFFEY, P. J., and DUFFY, J., concur.