28 F.3d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
STATE of Ohio, ex rel., Michael D. FILICHIA, Plaintiff-Appellant,
v.
CITY OF COLUMBUS, et al., Defendants-Appellants.
 No. 93-3448.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1994.
 
 Before: NORRIS and DAUGHTREY, Circuit Judges, and GILMORE, Senior District Judge.*
 PER CURIAM.
 
 
 1
 In this appeal, the relator, Michael D. Filichia, objects to the dismissal of his Sec. 1983 claim against the defendants for removal of his name from a list of applicants for the job of firefighter. Filichia contends that the magistrate judge erred in according preclusive effect to Ohio state court rulings on the correctness of an administrative determination that the relator did not meet the minimum vision requirements for the position of employment he sought.
 
 
 2
 This court reviews de novo a district court decision regarding claim or issue preclusion. Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir.1990), cert. denied, 113 S.Ct. 623 (1992). Because state judicial proceedings are entitled to the same preclusive effect in federal courts as they would receive in the courts of the state which rendered the original judgment, 28 U.S.C. Sec. 1738; Stuhlreyer v. Armco Inc., 12 F.3d 75, 77 (6th Cir.1993), we must examine relevant Ohio law in order to resolve this appeal.
 
 
 3
 In discussing claim preclusion, the Ohio courts have defined res judicata as follows:
 
 
 4
 The doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.
 
 
 5
 Norwood v. McDonald, 142 Ohio St. 299, 305, 52 N.W.2d 67, 71 (1943). Thus, under Ohio law, before the doctrine of res judicata will be applied,
 
 
 6
 ... there must be identity not only of subject matter but also of the cause of action. In other words, a judgment in a former action does not bar a subsequent action where the cause of action prosecuted is not the same, even though each action relates to the same subject matter.
 
 
 7
 Id. In determining whether two causes of action are identical for purposes of claim preclusion, Ohio law further provides:
 
 
 8
 [T]he test generally applied is to consider the identity of facts essential to their maintenance, or whether the same evidence would sustain both. If the same facts or evidence would sustain both, the two actions are considered the same within the rule that the judgment in the former is a bar to the subsequent action. If, however, the two actions rest upon different states of facts, or if different proofs would be required to sustain the two actions, a judgment in one is no bar to the maintenance of the other.
 
 
 9
 Id. at 306, 52 N.E.2d at 71.
 
 
 10
 Filichia has presented both a state court claim and a federal court claim that rest upon identical operative facts. In challenging the propriety and constitutionality of an administrative decision removing his name from the list of firefighter applicants, Filichia contended in state court that such action violated due process and deprived him of equal protection of the law because the hiring body altered, during the pendency of Filichia's application process, the rules pertaining to retesting of applicants with vision problems. The Ohio Court of Common Pleas, however, rejected Filichia's constitutional challenges and concluded that there was no factual basis for the claims. In fact, the court determined that there had been no alteration of policy by the defendants because individuals afflicted with the vision problem affecting Filichia have always been required to undergo the retesting procedures expected of Filichia.
 
 
 11
 The same evidence adduced in the Ohio Court of Common Pleas is also presented in this federal Sec. 1983 claim in an effort to convince the district court that a violation of the relator's rights to due process and equal protection has occurred. Because the same facts or evidence would be necessary to sustain both the state and federal court actions brought by Filichia, "the two actions are considered the same within the rule that the judgment in the former is a bar to the subsequent action." Id.
 
 
 12
 The magistrate judge correctly determined that Filichia's federal cause of action was extinguished by the prior state court judgment in favor of the defendants. Finding no merit to any other arguments presented on Filichia's behalf, we therefore concur in the magistrate judge's decision granting summary judgment to the defendants on res judicata grounds and AFFIRM the judgment entered by the district court in conformity with that order.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior United States District Judge for the Eastern District of Michigan, sitting by designation