OPINION
On October 24, 1997, appellant, Thomas L. Hayes, was arrested on charges of theft and burglary. Appellant failed to comply with the conditions of bail and remained in jail because his mother did not co-sign his $60,000 recognizance bond. On October 29, 1997, the case was bound over to the Ashtabula Grand Jury. On November 5, 1997, appellant was indicted on charges of burglary, in violation of R.C. 2911.12(A)(2), and theft, in violation of R.C. 2913.02(A). On November 18, 1997, while appellant was in jail for the theft and burglary charges, he was sentenced to sixty days in jail, by the Ashtabula County Court of Common Pleas, for contempt of court, in an unrelated case that addressed appellant's failure to pay child support. On December 12, 1997, he posted bond and was released from jail with the remaining thirty-four days of his contempt sentence suspended.
On January 9, 1998, appellant pleaded guilty to both charges. On March 11, 1998, the trial court sentenced him to one year of imprisonment for each count, to be served consecutively. On September 14, 1998, appellant moved the court to credit him for fifty-six days that he served while awaiting trial. He argued that he should get credit for the forty-nine days he served from the date of his arrest until December 12, 1997, when he posted bond, and for the seven days he served from March 6, 1998 until March 13, 1998, when his sentence began. On September 21, 1998, appellee filed a memorandum in response, in which it agreed that appellant's sentence should be reduced by fifty-six days. On November 17, 1998, the trial court determined that appellant was entitled to credit for only twenty-five days, as the other days for which appellant was incarcerated related to the child support case, which was unrelated to the burglary case. Appellant did not appeal from that order.
On February 19, 1999, appellant moved the trial court to correct its order crediting him with only twenty-five days of time served. He cited R.C. 2929.41, which provides that misdemeanor sentences are to run concurrently with felony sentences and argued that his time served for contempt should not have been used to determine his credit for the time he was in jail for a felony. On April 9, 1999, the trial court overruled appellant's motion because it had previously ruled on the matter on November 17, 1998. On May 3, 1999, appellant filed a notice of appeal in which he appealed the April 9, 1999 order. He raises the following assignment of error for our review:
 "The trial court erred in its determination of and failure to properly credit appellant with the proper jail time credit."
 In his sole assignment of error, appellant asserts that: the trial court abused its discretion by failing to credit appellant with the full fifty-six days he served because they arose out of the offense for which he was convicted and sentenced; the trial court failed to set forth its rationale for determining that he was only entitled to twenty-five days, rather than fifty-six days of credit, leaving no basis for judicial review of the decision; and his time served prior to his conviction should have run concurrently with his time served for his contempt conviction.
In his motion, filed on February 19, 1999, appellant sought the same relief as in his motion upon which the court issued its November 17, 1998 entry. Thus, the issues having already been litigated and decided, the trial court did not err by dismissing them as barred under the doctrine of res judicata. SeeNorwood v. McDonald (1943), 142 Ohio St. 299, 52 N.E.2d 67.
Furthermore, "[i]t is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs, without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in e ror." Miner v. Witt (1910),82 Ohio St. 237, 92 N.E. 21, syllabus. Appellant was sentenced to a two-year prison term on March 13, 1998 and was released on February 16, 2000, having served his full sentence.
For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.
 __________________________ JUDGE ROBERT A. NADER
FORD, P. J.,
CACIOPPO, J., Ret.,
Ninth Appellate District, sitting by assignment, concur.