I agree that Defendant-Appellant Wipperman waived the error he assigned when his attorney agreed that the court could decide the issue presented solely on the basis of Wipperman's prior sexual predator classification in Greene county. However, I do not agree that if upon his future motion one of those courts subsequently relieves Wipperman of that classification on a finding that he is no longer likely to commit a sexually-oriented offense, the other court is then bound by that finding of fact in a similar proceeding that Wipperman brings.
The issue-preclusion branch of the res judicata doctrine operates to collaterally estop a party from drawing into question in a second action a point or fact which was actually and directly in issue in a former action and was there passed upon and determined by a court of competent jurisdiction. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379; Norwood v. McDonald (1943), 142 Ohio St. 299. The collateral estoppel bar applies "whether the cause of action in the two actions be identical or different." Id., paragraph three of the syllabus.
If Wipperman seeks relief from his classification in both Montgomery and Greene Counties, Wipperman is the party who in each instance draws into question the issue of whether he is likely to commit another sexually-oriented offense. In the second of those proceedings, therefore, the collateral estoppel bar can only run against Wipperman, not against the State. It does not run against the State because the State is not the party who calls the issue into question. Neither can the bar run in favor of Wipperman when he's the party who calls the issue into question. Therefore, I do not agree that any relief of that kind that Wipperman might obtain in the first proceeding is binding on the court in the second proceeding, notwithstanding the identity of the parties and issues in both.