**Joel KRAUSS, Plaintiff,**

**v.**

**CITY OF READING, et al., Defendants.**

**No. C–1–90–654.**

United States District Court,
S.D. Ohio, W.D.

Feb. 27, 1992.

Ann Louise Lugbill, Helmer, Lugbill & Whitman Co., John Edward Rockel, James Burdette Helmer, Jr., Helmer, Lugbill & Whitman Co., Cincinnati, OH, for plaintiff.

Harold George Korbee, Wood & Lamping—1, Cincinnati, OH, for defendants.

## ORDER GRANTING SUMMARY JUDGMENT

SPIEGEL, District Judge.

This matter is before the Court on the Defendants' motion for summary judgment (doc. 15), the Plaintiff's response (doc. 19), and the Defendants' reply (doc. 22). The Plaintiff requested oral argument (doc. 23), the Defendant responded (doc. 26), and the Plaintiff replied (doc. 32). The Court held oral argument on November 1, 1991. At this hearing, the Court granted additional time for supplemental briefs. As a result, the Plaintiff filed a supplemental memorandum (doc. 59) and the Defendants replied (doc. 65). In addition, the Plaintiffs filed for leave to file supplemental authority in opposition to the Defendants' motion for summary judgment (doc. 66).

The issue before this Court is whether the Plaintiff's lawsuit is barred by *res judicata*. More specifically, we must determine whether the Plaintiff had a full and fair opportunity to litigate his claims in state court.

## BACKGROUND

The Plaintiff, Joel Krauss, worked for the City of Reading as a police officer from 1976 until 1989. On December 21, 1989, the City of Reading discharged Mr. Krauss purportedly because of infractions of various police department rules.

Mr. Krauss asserts that he was dismissed due to his investigation of possible criminal misconduct by the Mayor of Reading. Mr. Krauss also claims that the Defendants dismissed him because he distributed a survey to fellow employees regarding working conditions and because Mr. Krauss responded to letters written in the local paper.

Mr. Krauss appealed his discharge to the City of Reading Civil Service Commission ("Commission") which found that the City of Reading had properly terminated Mr. Krauss' employment. Pursuant to state law, Mr. Krauss appealed the Commission's decision to the Hamilton County Court of Common Pleas. Judge Sunderman presided over the case.

Judge Sunderman reviewed the Commission's decision *de novo*.[1] Both parties submitted briefs to the Hamilton County Court of Common Pleas. The Plaintiff argued that his termination was contrary to police rules and in violation of the First Amendment. Specifically, the Plaintiff alleged that he was discharged because of his initiation of a criminal investigation of the Mayor of Reading and because he wrote letters to the local newspapers. Notice of Appeal from Decision of Civil Service Commission, doc. 15, ex. 1, at 4, 6, 9. The Defendants claimed the Mr. Krauss' termination was proper.

On January 30, 1991, the attorneys for both parties appeared before Judge Sunderman. The parties dispute the nature of the proceedings that occurred before Judge Sunderman. Without doubt, however, Judge Sunderman discussed the case with

---

1. The Plaintiff claims that the Judge Sunderman's review was not *de novo*. However, the Findings of Fact and Conclusions of Law which Judge Sunderman signed, and Plaintiff's counsel initialed, state that "... the scope of this Court's review is *de novo*." *Krauss v. Albrinck*, Case No. A90002844 (Ct.Common Pleas Feb. 26, 1991) (copy attached to Defendants' Motion for Summary Judgment, doc. 15, ex. 2).

the lawyers.[2] On February 8, 1991, Judge Sunderman wrote to the attorneys announcing that he had decided in the Defendants' favor and requested that the Defendants' counsel prepare an entry. Attached to Plaintiff's Response to Defendant's Motion for Summary Judgment, doc. 19, ex. 2 to Rockel Affidavit.

Defense counsel submitted Findings of Fact and Conclusions of Law. Judge Sunderman signed the submitted Findings of Fact and Conclusions of Law. The Plaintiff's attorney apparently did not object to the contents of the Findings of Fact and Conclusions of Law when they were submitted to Judge Sunderman; nor did he file an exception to them under the appropriate state and local rules. In this Findings of Fact and Conclusions of Law, Judge Sunderman found that the City of Reading did not infringe upon Mr. Krauss' constitutional right to free speech. The Court further found that Mr. Krauss' actions constituted insubordination, and therefore his termination was justified. *Krauss v. Albrinck,* Case No. A90002844 (Ct.Common Pleas Feb. 26, 1991) (copy attached to Defendants' Motion for Summary Judgment, doc. 15, ex. 2). Mr. Krauss did not appeal Judge Sunderman's decision.

With his case in state court still pending, Mr. Krauss commenced the matter now before this Court.

## DISCUSSION

We must now determine whether the Plaintiff is precluded from bringing this case, because of the judgment reached in Mr. Krauss' earlier lawsuit before Judge Sunderman in the Hamilton County Court of Common Pleas.

**2.** The conference with Judge Sunderman was originally set for January 28, 1991. The notice sent out for the January 28, 1991 stated that the meeting would be a scheduling conference.

Judge Sunderman rescheduled the meeting for January 30, 1991. The notice sent out to reschedule stated that the meeting would be a hearing.

The Plaintiffs state in their Response to the Defendant's Motion for Summary Judgment that the attorneys met with Judge Sunderman

The full faith and credit statute, 28 U.S.C. § 1738 (1991), requires the federal courts to afford the same full faith and credit to state court judgments that would apply in the state's own courts. Thus, Ohio law controls whether Mr. Krauss may litigate his lawsuit before this Court. *See Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982).

▮ *Res judicata,* or claim preclusion, prohibits relitigation of claims where the parties have already had a full and fair opportunity to litigate and the court has reached a final judgment. *Marese v. Am. Academy of Orthopedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). Thus, "[t]he doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." *Nat'l Amusements, Inc. v. City of Springdale,* 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990), *cert. denied* — U.S. ——, 111 S.Ct. 1075, 112 L.Ed.2d 1180 (1991). Nevertheless, for *res judicata* to bar a subsequent suit, the litigants must have been given a full and fair opportunity to litigate originally. *See* Charles Alan Wright, *Law of Federal Courts* 683 (4th ed. 1983). The Ohio Supreme Court summed up the law of *res judicata* in this state:

> A final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions, and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them.

*Norwood v. McDonald,* 142 Ohio St. 299, 52 N.E.2d 67 (1943) (Syllabus 1).

on January 30, 1990. Doc. 19, at 4. However, the Plaintiffs reference the notice which Judge Sunderman sent out setting a scheduling conference for January 30, 1991. Doc. 19, attached to Rockel Aff. We believe that Plaintiffs' counsel made an error in their brief and the conference was originally scheduled during the 1991 year.

In any event, neither party disputes that the attorneys met with Judge Sunderman on January 30, 1991. At this meeting, no court reporter was present, and no witnesses testified.

In the matter now before this Court, the Plaintiff argues that *res judicata* does not apply for a number of reasons: (1) the state court lacked jurisdiction to hear the Plaintiff's constitutional issues; (2) the Plaintiff was never given a full and fair opportunity to litigate; and, (3) the Plaintiff never raised his constitutional claims in state court.

First, the Plaintiff argues that *res judicata* does not apply because neither Judge Sunderman nor the City of Reading Civil Service Commission had jurisdiction to decide Mr. Krauss' constitutional claims. We disagree. Clearly, the Commission did not have jurisdiction to adjudicate Mr. Krauss' § 1983 claims.

However, the Ohio Court of Common Pleas could have and did litigate the Plaintiff's constitutional claims. The Plaintiff points to § 2505.03 and § 2506.04 of the Ohio Revised Code to support his argument. In these sections, the state legislature has provided that "[t]he court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." Ohio Rev.Code § 2506.04 (1991). Furthermore, the Court of Common Pleas should treat an administrative appeal as if it were an appellate court hearing an appeal of a trial court. Ohio Rev.Code § 2505.03(B).

Nowhere does the statute in question preclude Judge Sunderman from hearing any constitutional claims that Mr. Krauss might have brought. Instead, Ohio law merely sets out that the Plaintiffs may appeal the decision by the City of Reading Civil Service Commission. *See* Ohio Rev. Code §§ 2505.03 and 2506.04.

Moreover, the Plaintiff's counsel, John Rockel, has already argued that Mr. Krauss' was improperly terminated before Judge Sunderman. A comparison of Mr. Krauss' appeal to Judge Sunderman and the Complaint filed in this Court reveals the similarity between the two lawsuits. In his appeal, the Plaintiff states:

[t]he real reason the appointing authority charged him and the Civil Service Commission fired him was due to his initiation of a criminal investigation into allegedly illegal actions of the Mayor.... The Civil Service Commission erred to the prejudice of the appellant when it found that the issuance of the survey was in violation of departmental rules and regulations.... Appellant contends the writing of the letters [to the newspapers] is not a violation of Department Regulation 1984–03....

Notice of Appeal from Decision of Civil Service Commission, doc. 15, ex. 1, at 4, 6, 9. In Mr. Krauss' Complaint before this Court, he states that:

[t]he actions taken against [Mr. Krauss] by Defendants were unlawful and were in retaliation against him because of his investigation of Mayor Gertz, the related newspaper articles on the subject, and for his distribution of a survey throughout the Police Department.

Complaint, doc. 1, 33.

After hearing from the parties, Judge Sunderman wrote that he had found for the Defendants and asked the Defendants to prepare an entry. The Defendants prepared a Findings of Fact and Conclusions of Law. The Findings of Fact and Conclusions of Law stated that the City of Reading did not infringe upon Mr. Krauss' constitutional right to free speech. The Findings of Fact and Conclusions of Law further stated that Mr. Krauss' actions constituted insubordination, and therefore his termination was justified. *Krauss v. Albrinck*, Case No. A90002844 (Ct.Common Pleas Feb. 26, 1991) (copy attached to Defendants' Motion for Summary Judgment, doc. 15, ex. 2).

Judge Sunderman signed the Findings of Fact and Conclusions of Law which the Defendants had submitted. Furthermore, Mr. Krauss' counsel initialed Judge Sunderman's decision which the Plaintiff now claims exceeds the scope of the court's authority. If the Plaintiff objected to the substance of Judge Sunderman's decision in the Findings of Fact and Conclusions of Law, he should have objected to them as provided under the state and local rules. *See* Hamilton County Court of Common

Pleas, Local Rule 17 (allowing parties to file objections with the courts). The Plaintiff's counsel never filed an objection with Judge Sunderman, either before or after the Findings of Fact were submitted and signed by Judge Sunderman. Moreover, the Plaintiff's counsel ever appealed Judge Sunderman's decision.

Finally, the Plaintiff's counsel admits in her Supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment that "... the Hamilton County Court of Common Pleas had the power to assert jurisdiction over the claims now pending before this Court." Doc. 59, at 9. Thus, the Plaintiff appears to concede that Judge Sunderman clearly had jurisdiction to decide all of Mr. Krauss' claims arising out of his termination and consequently *res judicata* may be appropriate.

■ Second, the Plaintiff contends that *res judicata* should not apply because he was denied a full and fair opportunity to litigate before the City of Reading Civil Service Commission and before Judge Sunderman. The Plaintiff states that the administrative proceeding before the Commission denied Mr. Krauss due process of law. The Plaintiff asserts that Defendants Albrinck and Huelsman spoke *ex parte* with members of the Commission. The Plaintiff then asserts that "[t]his evidence was not before the Commission or the Common Pleas Court." Plaintiff's Supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment, doc. 59, at 15.

However, the hearing before the Commission reveals otherwise:[3]

Mr. Rockel [Mr. Krauss' attorney]: I do have a preliminary matter that I would like to get out of the way before I start. Mark, I did have something preliminary. I'd like to know what information or what briefing the Commission members received prior to today's hearing. I'm led to believe that there were meetings with Dennis Albrinck, with the Chief, and with yourself with the members of the Commission prior to today's hearing and I'd like to know when these meetings took place and what was said during those meetings.

Mr. Lucas: I don't know of any such meetings.

Mr. Rischesser: There were no such meetings, never.

This testimony became part of the record in state court. Judge Sunderman reviewed the Commission's decision *de novo*. The Plaintiff makes no allegations that any improprieties occurred before Judge Sunderman. The Plaintiff had ample opportunity to demonstrate to Judge Sunderman that various Defendants had engaged in improprieties. We find no evidence to support the Plaintiff's allegation of impropriety. The Plaintiff has already had a full and fair opportunity to litigate this case.

■ Third, the Plaintiff argues that *res judicata* should not apply, because he never raised his constitutional claims in state court.[4] We disagree. The Plaintiff claimed in the Hamilton County Court of Common Pleas that his firing was in viola-

---

**3.** In presenting the transcript evidence to this Court, Defendants' counsel states:

Plaintiff Krauss's counsel is unrestrained in presenting this lie to this Court apparently in the belief that if a lie is told often enough it will soon be considered the truth.

Defendant's Response to Plaintiff's Supplemental Memorandum, doc. 65, at 22. This Court deplores the lack of civility Defendant's counsel has displayed by this statement.

**4.** Even if the Plaintiff did not argue the constitutional claims before Judge Sunderman, *res judicata* would probably still bar the Plaintiff from continuing under *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). In *Migra,* the Plaintiff sued in the Ohio Court of Common Pleas after her

teaching contract was not renewed. In state court, she alleged breach of contract and tortious interference with contract. She litigated these claims to finality and lost. She then filed a second suit in federal court claiming that the nonrenewal of her contract breached her constitutional rights. *Id.* at 83–85, 104 S.Ct. at 897–98.

The Defendants claimed that the second suit was barred by *res judicata.* The Plaintiff argued in response that the state court judgement did not bar her second suit even though she could have brought her § 1983 claims in state court. The Supreme Court held that § 1983 does not guarantee a litigant the right to proceed to judgment on state claims in state court and then turn to federal court to adjudicate federal claims. *Id.*

tion of his First Amendment rights by alleging in his Notice of Appeal that "the appointing authority has no right to restrict him from commenting on a matter of public concern in which he himself is being vilified [sic]." Notice of Appeal from Decision of Civil Service Commission, doc. 15, ex. 1, at 10. Indeed, the Plaintiff cited to Judge Sunderman First Amendment authority in support of his position. *Id.* (citing *Pickering v. Bd. of Educ.*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968)).

In the Findings of Fact and Conclusions of Law, Judge Sunderman found that the Defendants did not infringe upon Mr. Krauss' right to free speech. The Plaintiff now asks this Court to re-litigate its constitutional claims. However, the doctrine of *res judicata* precludes this Court from considering the merits of the Plaintiff's claim.

## CONCLUSION

The Defendants have established the necessary elements for the doctrine of *res judicata* to apply. Namely, the Defendants have shown that Judge Sunderman's decision was: (1) a final judgment on the merits; (2) by a court of competent jurisdiction; (3) between the same parties or those in privity; and, (4) concerning the same causes of action. *See Norwood*, 142 Ohio St. at 299, 52 N.E.2d 67. Therefore, *res judicata* precludes the continuation of this lawsuit.

Accordingly, after careful consideration the Defendants' motion for summary judgment is granted.

SO ORDERED.