## SZATMARY v. MILLER.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9216. Decided Oct. 1, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

CONTRACTS—Personal Property (420 S)
(150 F2) Owner of grocery store, who has secured judgment rescinding contract for sale thereof, on ground of fraud, entitled to be placed in statu quo.

TRIAL.
(590 E3d) Owner of grocery store, may testify as to value of goods contained therein.

Error to Municipal Court.

Judgment reversed.

Schaefer & Lawrence, Cleveland, for Szatmary.

Alfred Safran, Cleveland, for Miller.

STATEMENT OF FACTS.

Prior to the beginning of the suit in the Municipal Court, there had been a deal on between the plaintiff and the defendant below which resulted in a trade of a grocery and meat store for a piece of property that was owned by the defendant but carried in the name of another person.

The plaintiff in this case brought an action in the Common Pleas Court to rescind the contract of sale or trade of properties on the ground of fraud and deceit practiced by the defendant in that case and the defendant in error in this case, and upon the trial the Common Pleas Court rescinded said transaction but expressly refused and declined to pass upon the question as to the measure of damages or for the value of the property appropriated by the defendant that was in the grocery store. After that judgment—which was not appealed from, nor was error prosecuted from it—the plaintiff brought this action in the Municipal Court to recover property that had been taken out of said store and appropriated and used by the defendant below in this action, and likewise for damages that occurred to the plaintiff below by reason of the defendant's occupying and using the store for a period of seven weeks.

At the conclusion of the plaintiff's testimony at said trial, the court directed a verdict for the defendant, and it is to reverse that judgment that error is prosecuted here.

VICKERY, J.

We think that the judgment must be reversed for several reasons: First, it appears from the unreversed or unmodified judgment of the court below that this plaintiff had been defrauded and had been deceived in turning his store over to the defendant and the court canceled said contract because of said fraud. That placed the title back in the original plaintiff and the plaintiff was entitled to have left in the grocery store the same amount of goods that was there when he transferred it to the defendant, and so the appropriation of these goods amounted to a conversion and whether the action takes the form of a conversion or an action for the value of the goods, it does not make very much difference under our code of procedure.

What the action is named is not very material. The truth is, if this plaintiff was induced to part with his property by fraud and deceit on the part of the defendant in a judgment upon a proper action to rescind, the plaintiff must be placed in statu quo, and the parting with title was not voluntary at all and an action for conversion could be maintained without first making a demand. The bringing of the suit was demand enough. Now, of course, the burden was upon the plaintiff to prove that these goods were of some value and for that purpose he introduced certain evidence to show that there was Six Hundred Dollars worth of goods taken out of this store. The objection was made that the parties could not testify as to the value of the goods. Well they were in business and they owned the goods and they can always testify as to the value, not that it is conclusive, but it is some evidence of value. A person may not know the retail price of a barrel of sugar nor the wholesale price of it, but if he has a barrel of sugar in his store, he can testify as to its value and it surely would have some value, and if that had been converted wrongfully to another person's use, he would have a right to maintain an action at least for nominal damages.

Now in this case there is evidence of the parties to show the value of the goods in this store, and we think that while the evidence is not so good as that of an expert, yet it was competent and of some value. But beyond that there is an admission by counsel for defendant that a certain man, if there, would testify that this man Miller admitted that he had taken at least Fifty Dollars of goods from the store. Now just why that was not enough to carry this to the jury, if there were a jury, or upon which to base a judgment in favor of the plaintiff for that much at least, it is difficult to understand. We think the court erred in refusing to receive this testimony and he erred in directing a verdict for the defendant in face of the admissions in this case and the evidence.

We think that this case must be reversed, first, because the judgment of the court was wrong in refusing to admit the evidence, the judgment was wrong in refusing to render some judgment in favor of the plaintiff on admissions of counsel in open court, and on the further ground that the judgment is contrary to and against the weight of the testimony.

For these reasons the judgment must be reversed and remanded to the Municipal Court for a new trial.

(Sullivan, PJ., and Levine, J., concur.)