**BENNICE, Appellee and Cross–Appellant,**

**v.**

**BENNICE; Levin, Appellant and Cross–Appellee.**

[Cite as *Bennice v. Bennice* (1992), 82 Ohio App.3d 594.]

Court of Appeals of Ohio,
Ottawa County.

No. 91–OT–038.

Decided Sept. 25, 1992.

*W. Patrick Murray,* for appellee and cross-appellant.

*Dennis P. Levin,* for appellant and cross-appellee.

---

ABOOD, Judge.

This is an appeal and cross-appeal from a judgment of the Ottawa County Court of Common Pleas which, following a trial by jury, awarded $11,000 in nominal damages to plaintiff-appellee and cross-appellant, Lawrence M. Bennice, against his former attorney, defendant-appellant and cross-appellee, Jack M. Levin.

Levin sets forth three assignments of error in support of his appeal:

1. "The trial court erred in denying appellant's motion for judgment notwithstanding the verdict for the reason that the appellant [*sic*] waived his right to pursue the instant lawsuit by electing to accept recsission [*sic*] of and the re-deeding of the real property at issue."

2. "The trial court erred in placing the burden of proof on the appellant to prove that no fraud was perpetrated upon the appellee and in overruling appellant's motion for judgment notwithstanding the verdict as to this issue."

3. "An award of $11,000.00 as 'nominal' damages is improper and contrary to law."

Bennice sets forth one assignment of error in support of his cross-appeal:

"When an attorney at law substantially breaches a fiduciary duty to a client, takes advantage of the attorney-client relationship of trust and confidence in counsel, fraudulently deprives the client of title to his home and requires the client to institute litigation to recover title to his home, the client in prosecuting a civil claim against the attorney for damages and recovery of his home should be entitled to recover his costs, including attorney fees, even if there is no award of punitive damages."

This case is once again before this court on appeal from proceedings in the trial court which arise out of transactions that occurred eleven years ago between Levin and Bennice in their relationship as attorney and client. The facts that are relevant to a determination of the issues raised by the parties are as follows. In November 1980, Bennice engaged Levin to represent him in a divorce action and signed a note in favor of Levin for $5,000.[1] In May

---

1. The nature of the fee agreement in connection with the divorce action is in dispute. Levin claims that Bennice agreed to pay him $5,000. Bennice claims that he agreed to pay Levin "up to" $5,000. Reporter's Note: For related case, see *Disciplinary Counsel v. Levin* (1988), 35 Ohio St.3d 4, 517 N.E.2d 892.

1981, Bennice engaged Levin to represent him in connection with a felony assault charge that was brought against him by his wife and in June signed another note in favor of Levin, this time for $10,000.[2]   On July 10, 1981, a hearing was held in the divorce case at which time the complaint for divorce was dismissed.   Following that hearing, Levin, Bennice and Levin's son, Dennis P. Levin (who is Levin's counsel in this appeal), went to the Ottawa County Prosecutor's Office, where they obtained two quitclaim deeds.   They then went to a realty company to obtain a legal description of Bennice's property and thereafter to Bennice's home, where Bennice signed at least one of the blank deeds.   On November 15, 1981, the felony case proceeded to trial. On November 17, 1981, that case was dismissed and Levin recorded with the Ottawa County Recorder a quitclaim deed transferring title of Bennice's residence to himself.

On February 11, 1982, Bennice filed a complaint for divorce which named Levin as a codefendant due to his claimed title to the marital property.   On April 12, 1982, Levin filed his answer and a counterclaim for breach of contract for $13,500, the alleged amount of outstanding fees for the divorce and criminal cases.   On September 5, 1982 (after the trial court granted Bennice a divorce), Bennice filed an amended complaint against Levin which in part alleged damages for fraud.   Thereafter, Levin filed an amended answer and counterclaim.

On May 13, 1985, that case proceeded to trial by jury, which resulted in a verdict and judgment for $11,000 in favor of Levin on his counterclaim and for $2,000 in compensatory damages and $75,000 in punitive damages in favor of Bennice on his claims.   On June 13, 1986, in *Bennice v. Bennice* (June 13, 1986), Ottawa App. No. OT–85–15, unreported, 1986 WL 6690, this court found "that the jury's verdict of $2,000 compensatory damages and $75,000 punitive damages are [*sic*] a result of passion or prejudice," and remanded that portion of the case for a new trial.

In November 1986, Levin transferred the property back to Bennice.

On May 6, 1991, Bennice's case against Levin for fraud again proceeded to trial by jury.   On May 17, 1991, the jury returned a general verdict in favor of Bennice and awarded him $11,000 in nominal damages, but no compensatory or punitive damages.   On May 31, 1991, Levin filed a motion for judgment notwithstanding the verdict.   In his motion, Levin stated that the sole purpose of the motion was to have the court "set aside the verdict entered in this cause

---

**2.**   The nature of the fee agreement in connection with the felony charge is also disputed.   Levin claims that Bennice agreed to pay him $10,000 and Bennice claims that he agreed to pay Levin "up to" $10,000.

on May 17, 1991 and to enter judgment for defendant." He stated further that:

"* * * under *no* circumstances shall the instant motion be construed or interpretted [*sic*] as a request for a new trial in this matter * * *. [I]n the event that the Court, upon consideration of this Motion, is inclined to set aside the judgment and order a new trial, defendant hereby reserves the right to withdraw the instant motion."

On June 4, 1991, Bennice filed a motion for attorney fees.

On August 6, 1991, the trial court filed its "Final Judgment Entry," which denied Levin's motion for judgment notwithstanding the verdict, denied Bennice's motion for attorney fees and granted judgment to Bennice for $11,000. In denying Levin's motion for judgment notwithstanding the verdict, the trial court stated that if it "find[s] the jury's award (of nominal damages) to be improper, the most appropriate remedy under the circumstances would be to order a new trial pursuant to Civ.R. 59," but that since Levin made it "clear in his motion that he was not requesting a new trial, [his] motion * * * is not well taken."

It is from this judgment that Levin brings his appeal and Bennice his cross-appeal.

## I

In his first assignment of error, Levin contends that Bennice waived his right to bring the present lawsuit because Bennice elected to rescind the transfer of his property to Levin. In support, Levin argues that a party who is fraudulently induced into a transaction must elect one of two remedies: he may either rescind the transaction and recover that which he was induced to give up, in this case the deed to the property, or affirm the transaction and sue for damages based on fraud. When Bennice accepted the deed to his property back from Levin in November 1986, he elected the remedy of rescission and is thereafter barred from bringing this action for damages.

Bennice responds that his present lawsuit for damages is not inconsistent with rescission and that a defrauded person may rescind the transaction and recover damages for loss of use and beneficial enjoyment of his property.

Levin replies that it "would be necessary (for Bennice to affirm the transaction) in order to seek damages for fraud"; and that "[w]here he has accepted rescission, he is precluded from using the contract (in this case the deed) for the purposes of pursuing a suit for damages."

Levin's entire argument is premised on a misunderstanding of the general rule of election of remedies in an action based on fraud. The general

rule is not, as Levin contends, that a party fraudulently induced to enter into a contract is automatically precluded from bringing an action in damages for the fraud after rescinding the contract. Rather, the rule is that the defrauded party is precluded from bringing suit for damages based on fraud after rescinding the contract only when the suit for damages is inconsistent with the rescission. *Norwood v. McDonald* (1943), 142 Ohio St. 299, 27 O.O. 240, 52 N.E.2d 67, paragraph ten of the syllabus; *Frederickson v. Nye* (1924), 110 Ohio St. 459, 144 N.E. 299, paragraphs one and two of the syllabus. A suit for damages for fraud is inconsistent with rescission when such suit is founded on an affirmance of the contract. *Nye, supra,* at paragraph one of the syllabus; Annotation (1939), 120 A.L.R. 1154, 1155–1156. In turn, a suit for damages is founded on an affirmance of the contract "only if, and in so far as, the damages sought to be recovered consist of the loss of the benefit of the bargain * * *." Annotation, 120 A.L.R. at 1156; 37 American Jurisprudence 2d (1968) 527, Fraud and Deceit, Section 389. In such a case, the denial of damages after rescission is proper because, in view of the rescission, there are no damages. Annotation, 120 A.L.R. at 1158; 37 American Jurisprudence 2d, *supra.* The defrauded party may, however, recover damages other than the loss of the bargain, notwithstanding rescission. *Yeoman v. Lasley* (1883), 40 Ohio St. 190, paragraph five of the syllabus; *Szatmary v. Miller* (App. 1928), 6 Ohio Law Abs. 693; *Jones v. Draper* (1903), 4 Ohio C.C. (N.S.) 105, 119–120, 16 Ohio C.D. 785; Annotation, 120 A.L.R. at 1159–1165; 37 American Jurisprudence 2d, *supra.*

Accordingly, Levin's first assignment of error is not well taken.

## II

In his second assignment of error, Levin contends that the trial court erred by instructing the jury that he had the burden of proving that the transaction between him and Bennice was fair. In his third assignment of error, Levin contends that a nominal damage award of $11,000 is improper and contrary to law.

Since under the circumstances of this case, the issues of fraud and compensatory, punitive and nominal damages are inextricably intertwined, were this court to find Levin's second and/or third assignments of error well taken, we would be compelled to order a new trial. Levin states, however, that "in no event [does he seek] a retrial on the issues of compensatory and/or punitive damages."

Accordingly, Levin's second and third assignments of error are not well taken.

## III

In his sole assignment of error in support of his cross-appeal, Bennice contends that the trial court erred in failing to assess attorney fees in his favor even though the jury made a finding that no punitive damages should be awarded.

In *Digital & Analog Design Corp. v. North Supply Co.* (1992), 63 Ohio St.3d 657, 662, 590 N.E.2d 737, 742, the Supreme Court of Ohio stated that "[w]ithout a finding of malice and an award of punitive damages, plaintiff cannot justify the award of attorney fees, unless there is a basis for sanctions under Civ.R. 11."

Accordingly, Bennice's sole assignment of error is not well taken.

On consideration whereof, this court finds that substantial justice has been done the party complaining, and the judgment of the Ottawa County Court of Common Pleas granting judgment to appellee for $11,000 is affirmed. This court finds further that there are reasonable grounds for this appeal and court costs only are assessed against appellant.

*Judgment affirmed.*

GLASSER, P.J., and SHERCK, J., concur.