45 F.3d 430
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Edwin F. BOROWSKI, Plaintiff-Appellant,
v.
The STATE CHEMICAL MANUFACTURING COMPANY, Defendant-Appellee.
 No. 93-3941.
 United States Court of Appeals, Sixth Circuit.
 Dec. 27, 1994.
 
 Before: NELSON, SUHRHEINRICH, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal by a man who sued his employer under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Secs. 621 et. seq. The district court entered summary judgment for the defendant company on a claim that the plaintiff had been demoted because of age in violation of the ADEA. The court dismissed without prejudice a claim that the defendant had violated 29 U.S.C. Sec. 623(d) by withholding accounts from the plaintiff's sales territory in retaliation for the filing of age discrimination charges. (A similar retaliation claim was pending in a parallel action brought by the plaintiff in a state court, and the district court dismissed the retaliation claim "in the interest of judicial economy....") The district court also dismissed without prejudice various pendent state law claims.
 
 
 2
 We shall affirm the summary judgment and the dismissal of the pendent state law claims. The dismissal of the retaliation claim will be vacated.
 
 
 3
 * The defendant, State Chemical Manufacturing Co., hired the plaintiff, salesman Edward Borowski, in 1975. Mr. Borowski's performance proved to be superior, and in 1982 he was promoted to the position of district sales manager.
 
 
 4
 In 1988 State Chemical's earnings in Mr. Borowski's district were 14 percent below "budget"--i.e. below the target set by the company for the period in question. The earnings were 6 percent below budget in 1989, but they exceeded budget by 18 percent in each of the first two quarters of 1990. They fell short of budget by two percent in the third quarter of that year, but Mr. Borowski was nonetheless promoted to senior district sales manager effective January 1, 1991.
 
 
 5
 Mr. Borowski's budget was reduced in November of 1990, when his territory was realigned and three of his most experienced salespeople were replaced by less productive individuals. Notwithstanding the reduced target, earnings in Mr. Borowski's district were 11 percent below budget in the last period of 1990. They were 39 percent below budget in the first period of 1991.
 
 
 6
 By letter dated April 26, 1991, the company told Mr. Borowski that in light of his record over the last few years he was being demoted to the position of territorial manager. The demotion became effective in May of 1991, at which time Mr. Borowski was 59 years old. The person ultimately named to replace him as district sales manager was a woman 25 years of age.
 
 
 7
 In December of 1991 Mr. Borowski filed age discrimination charges with the Equal Employment Opportunity Commission and the Ohio Civil Rights Commission. Thereafter, he alleges, the company retaliated against him by withholding new accounts that would otherwise have been added to his sales territory.
 
 
 8
 The Ohio Civil Rights Commission dismissed Mr. Borowski's case, whereupon Borowski brought suit against the company in the Cuyahoga County, Ohio, Court of Common Pleas. The complaint set forth an age discrimination claim based on Ohio Rev.Code Sec. 4112.99, together with various common law claims. A retaliation claim was added by amendment on October 1, 1992.
 
 
 9
 In March of 1993 Mr. Borowski brought the instant ADEA suit in federal court. The complaint was similar to the amended common pleas court complaint, except that the age discrimination and retaliation claims were based on the federal statute.
 
 
 10
 In June of 1993 State Chemical moved for summary judgment in the common pleas court action. Cross motions for summary judgment were filed soon thereafter in the federal case. The district court, as we have said, granted summary judgment for the defendant on the principal ADEA claim and dismissed the remaining claims without prejudice. This appeal followed.
 
 
 11
 In September of 1993, while the instant appeal was pending, the common pleas court entered a final judgment granting State Chemical's motion for summary judgment. Mr. Borowski perfected an appeal to the court of appeals for Ohio's eighth appellate district. The court of appeals has now affirmed the common pleas court's judgment in all respects but one, holding that the age discrimination claim is barred by the doctrine of res judicata and that the common law claims are without merit. See Borowski v. State Chemical Manufacturing Co., 1994 WL 521185 (Ohio App. 8 Dist.) (Sept. 22, 1994). The court of appeals concluded that there are genuine issues of material fact with respect to the retaliation claim, and Mr. Borowski's assignment of error has been sustained as to that claim alone. Id.
 
 II
 
 12
 Upon de novo review of the federal court record, we conclude that Mr. Borowski failed to present direct evidence that age was a determining factor in his demotion. Charles Sundvall--State Chemical's national sales manager since 1985--suggested at one point to Mr. Borowski's immediate superior that turnover among Borowski's young trainees was too high and that Borowski might not be relating well to these young people. The supervisor was asked to spend some time observing what kind of rapport Mr. Borowski had with the trainees. The report of the supervisor on this subject was favorable to Mr. Borowski, but the supervisor was nonetheless directed to downgrade Borowski's performance evaluation. This is not direct evidence of age discrimination against Borowski, in our view, and neither is the remaining body of material to which the plaintiff points (e.g., the absence of an explanation for Sundvall's decision to reassign three of Borowski's best sales people; a list of 13 "ideal specifications" for new hires, prepared in January of 1983, one of which was "age 25-45;" a marketing manual suggesting that applicants for employment be asked how old they were when they became financially independent; an expression of pride in "a young-thinking management team;" and a 13-year reduction in the average age of district sales managers in Borowski's zone between 1989 and 1992.)
 
 
 13
 It is undisputed that Mr. Borowski had sufficient circumstantial evidence to make out a prima facie case of age discrimination under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The defendant company met its burden of coming forward with a nondiscriminatory reason for the demotion, however, demonstrating that with the exception of the first half of 1990--a period of superior performance for which Mr. Borowski was rewarded with a promotion--the earnings in Borowski's district had been below budget for some four years. The defendant clearly met its burden of production, regardless of how realistic its budget figures may have been, and this was enough to "destroy[ ] the legally mandated inference of discrimination arising from the plaintiff's initial evidence." Manzer v. Diamond Shamrock Chemical's Co., 29 F.3d 1078, 1082 (6th Cir.1994), quoting Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 255 n. 10 (1981).
 
 
 14
 It remains to be considered whether the age-neutral justification proffered by the defendant was merely a pretext for unlawful discrimination. In the wake of St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742 (1993), we have held that it is not enough for a jury simply to disbelieve the proffered justification; "the plaintiff must produce sufficient evidence from which the jury may reasonably reject the employer's explanation." Manzer, 29 F.3d at 1083.
 
 
 15
 "To make a submissible case on the credibility of his employer's explanation, the plaintiff is required to show by a preponderance of the evidence either (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate his discharge, or (3) that they were insufficient to motivate discharge." Id. at 1084 (emphasis in the original) (citations and internal quotations omitted).
 
 
 16
 The district court concluded, in the case at bar, that "Borowski has failed to come forward with evidence that State Chemical's articulated reason for demoting him is pretextual...." After an independent review of the record, we are constrained to agree. The record, as we read it, is not one on which a jury could be permitted to find (1) that there was no basis in fact for the company's assertion that the earnings in Mr. Borowski's district were below-budget, or (2) that the below-budget earnings did not actually motivate the company to demote him, or (3) that below-budget earnings were an insufficient motivation. We are strengthened in this conclusion by the fact that when Mr. Borowski's earnings exceeded his budget, the company promoted him to senior district sales manager.
 
 
 17
 The dismissal of Mr. Borowski's common law claims must also be affirmed, the Ohio courts having held that the claims are without merit. Judgments of Ohio courts receive the same full faith and credit in federal courts as in the courts of Ohio, see 28 U.S.C. Sec. 1738, and the final judgments on Borowski's common law claims are conclusive, under the doctrine of res judicata, in any Ohio court. See Norwood v. McDonald, 142 Ohio St. 299, 305, 52 N.E.2d 67, 71 (1943).
 
 
 18
 As to the dismissal of the Sec. 623(d) retaliation claim, the district court cited no authority for the proposition that the pendency of a parallel proceeding in state court gave the district court discretion to decline jurisdiction. No such authority has been cited by the parties, and we are aware of none. We shall therefore vacate the judgment insofar as the retaliation claim is concerned, noting that the district court may, if it chooses, defer further action on this claim until such time as the state claim has been disposed of.
 
 
 19
 The judgment of the district court is AFFIRMED, except that the dismissal of the retaliation claim is VACATED. The case is REMANDED to the district court for further proceedings, not inconsistent with this opinion, on the retaliation claim.