OPINION
Appellant, Linda Darnell (hereinafter referred to as "appellant" and collectively with her husband William Darnell as "appellants"), was employed by the Ohio Bureau of Employment Services ("OBES") from 1975 until 1988. On June 8, 1988, appellant was involved in an automobile accident. Thereafter, she received disability leave benefits through OBES from June 23, 1998 until July 17, 1990. Beginning August 1, 1990, she received disability retirement benefits through appellee, Public Employees Retirement System ("PERS").
In March 1992, PERS informed appellant that she was required to undergo a medical re-examination pursuant to R.C. 145.362. Appellant was examined by two physicians, both of whom determined that appellant was able to return to work. By letter dated June 19, 1992, PERS notified appellant that as a result of the medical re-examinations, her disability retirement benefits would be terminated effective September 30, 1992. PERS further informed appellant that notice of its action had been sent to OBES and that she had a right to appeal the decision of the PERS. Appellant did not appeal the decision.
On June 22, 1992, PERS notified OBES that appellant's disability retirement benefits were being terminated and that OBES would have to reinstate appellant. OBES did not reinstate appellant. Appellant did not formally initiate any action to review OBES's decision with either the State Personnel Board of Review or the State Employee Relations Board.
On August 21, 1996, appellant filed a mandamus action in the Franklin County Court of Common Pleas against OBES and PERS, arguing that PERS's certification to OBES was insufficient and that OBES's refusal to reinstate her to her previous or similar employment constituted violations of R.C. 145.362.[1] Appellant sought reinstatement to her previous or similar employment and salary based upon the PERS certification or, in the alternative, an order directing PERS to provide additional information necessary to certify to OBES that she was capable of returning to service.
The case was submitted on stipulated facts. The parties filed cross-motions for summary judgment. The common pleas court determined that PERS's certification letter to OBES was insufficient under R.C.145.362, as it failed to notify OBES that appellant had been evaluated by two physicians and that said physicians found her to be capable of returning to service. The court found the insufficiency of PERS's certification moot, however, because OBES considered her request for reinstatement. Accordingly, the court determined that "there is no clear legal duty upon PERS to make the certification to OBES and OBES is under no clear legal duty to reinstate [appellant]." Darnell v. Ohio Pub. Emp. Retirement Sys. (Jan. 28, 1998), Franklin C.P. No. 96CVH-08-6319, unreported ("Darnell I"). The court further found that due to appellant's failure to seek review of either PERS's decision to terminate benefits or OBES's decision not to reinstate her, she had not demonstrated the lack of an adequate remedy at law.
On appeal to this court, both PERS and appellant argued, inter alia, that the common pleas court erred in finding the certification from PERS to OBES insufficient under R.C. 145.362. This court determined that the PERS certification issue was moot because appellant failed to pursue her administrative remedies against either OBES or PERS. Darnell v. Pub. Emp. Retirement Sys. of Ohio (Dec. 31, 1998), Franklin App. No. 98AP-303, unreported. Thereafter, plaintiff pursued a discretionary appeal with the Ohio Supreme Court, which denied review. Darnell v. Public Emp. Retirement Sys. of Ohio (1999), 85 Ohio St.3d 1480.
On December 14, 1999, appellant and her husband filed the instant action against PERS based entirely on the same set of facts as the 1996 mandamus action. In this action, appellants assert causes of action for breach of contract, negligence and loss of consortium on the ground that "[d]efendant failed to adequately certify to Plaintiff Linda Darnell's former employer, OBES, that Plaintiff Linda Darnell was capable of resuming service, and further failed to notify OBES that it was obligated to restore Plaintiff Linda Darnell to her previous position or one similar thereto." (Complaint, paragraph 16.) The parties filed cross-motions for summary judgment. On March 8, 2001, the trial court filed a decision denying appellants' motion for summary judgment and sustaining PERS's motion for summary judgment on the ground that appellants' action is barred under the doctrine of res judicata. Darnell v. Pub. Emp. Retirement Sys. (Mar. 8, 2001), Franklin C.P. No. 99CVH-12-10603, unreported ("Darnell II"). Appellants have timely appealed, advancing a single assignment of error, as follows:
 The trial court erred in determining that res judicata acts as a complete bar to appellant's claims for relief.
Appellate court review of a summary judgment motion is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on a summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
Res judicata operates as "`a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them.'" Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 381, quoting Norwood v. McDonald (1943), 142 Ohio St. 299, paragraph one of the syllabus. Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Id. at syllabus. "Transaction" has been defined as "a common nucleus of operative facts." Id. at 382, quoting 1 Restatement of the Law 2d, Judgments (1982), 198-199, Section 24, comment b.
Whether the original claim explored all the possible theories of relief is not relevant. "It has long been the law in Ohio that `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit.' * * * The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." (Emphasis sic.) Id., quoting Natl. Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62, quoting Rogers v. Whitehall (1986), 25 Ohio St.3d 67, 69. The Grava court further held that res judicata "`applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action.' (Emphasis added.)" Grava, supra, at 383, quoting 1 Restatement of the Law 2d, Judgments (1982), 209, Section 25.
Appellants do not dispute that the instant action is based upon a common nucleus of operative facts that led to Darnell I. Appellants further admit that the certification issue was raised in Darnell I, but attempt to circumvent the obvious applicability of res judicata by alleging that OBES did not raise the issue until late in the proceeding and that appellants needed more time for discovery on the issue. The common pleas court rejected this argument, stating:
 * * * Darnell attempts to argue that "she could not possibly anticipate that the certification sent to her former employer by PERS was insufficient" and that since her "current cause of action was not cognizable during the course of the prior litigation [she] should not be prevented from litigating said action." Darnell's Motion for Summary Judgment, p. 7-8. However, she immediately defeats her own motion in the next sentence, when she says: "In the course of the prior litigation, insufficiency of PERS' certification to OBES was not raised until OBES suggested in its own motion for summary judgment, and its response to PERS' motion for summary judgment (emphasis added)."
 * * * Darnell admits in her own motion that the issue she now seeks to raise was raised in the prior proceeding. Therefore, she also had notice and an opportunity to be heard on the issue. Because it was raised in the prior proceeding and is arises out of the same transaction that gave rise to the first lawsuit, as a matter of law she cannot raise it now. [Darnell II at 4-5.]
Upon review of the record, it is clear that the certification issue was litigated in the common pleas court in Darnell I and on appeal of Darnell I to this court. Both courts determined that the certification issue was moot due to appellants' failure to take advantage of the opportunities for appeal during the administrative process. As such, we find no merit to appellants' claim that they are being unjustly denied the opportunity to litigate the certification issue. As succinctly stated by the common pleas court in Darnell II:
 Linda Darnell had a full and fair hearing of her case before Judge Pfeiffer on her 1996 complaint. She lost. The court of appeals reviewed the entire record of the 1996 lawsuit de novo with no deference to the findings of the trial court, in effect providing Darnell with a second full hearing of everything she had to say. She lost again. The Ohio Supreme Court reviewed the record, and determined that further appeals were not warranted. As a matter of law, therefore, the litigation between Linda Darnell, PERS and OBES over her disability is completely settled. There is nothing left to decide. Continuing to file lawsuits over matters that are settled as a matter of law cannot change the result, no matter how much a person disagrees with it. [Id. at 7.]
The common pleas court did not err in sustaining appellants' motion for summary judgment on the ground that appellants' claim is barred under the doctrine of res judicata. Accordingly, appellants' assignment of error is not well-taken.
For the foregoing reasons, appellants' assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT, P.J., and BOWMAN, J., concur.
[1] R.C. 145.362 provides, in pertinent part: "* * * On completion of the examination by an examining physician or physicians selected by the [PERS] board, the physician or physicians shall report and certify to the board whether the disability benefit recipient is no longer physically and mentally incapable of resuming the service from which the recipient was found disabled. If the board concurs in the report that the disability benefit recipient is no longer incapable, the payment of the disability benefit shall be terminated not later than three months after the date of the board's concurrence or upon employment as a public employee. If the leave of absence has not expired, the retirement board shall certify to the disability benefit recipient's last employer before being found disabled that the recipient is no longer physically and mentally incapable of resuming service that is the same or similar to that from which the recipient was found disabled. The employer shall restore the recipient to the recipient's previous position and salary or to a position and salary similar thereto, unless the recipient was dismissed or resigned in lieu of dismissal for dishonesty, misfeasance, malfeasance, or conviction of a felony."