DECISION AND JUDGMENT ENTRY
{¶ 1} The State Employment Relations Board ("SERB") and the Fort Frye Local School District Board of Education ("the School Board"), appeal from a judgment of the Washington County Court of Common Pleas. The trial court found that SERB was bound to find that the School Board engaged in an unfair labor practice based upon the Supreme Court of Ohio's prior determination that the School Board's motivation in not renewing Michael Rauch's teaching contract was established by res judicata. Because the Supreme Court clearly held that a prior action determined that the School Board's motivation for nonrenewal of Rauch's contract was retaliation for Rauch's union activities, and further because R.C. Chapter 4117 defines an unfair labor practice in part as an act of retaliation for union activities, we agree with the trial court that SERB was bound to find that the School Board engaged in an unfair labor practice.
 {¶ 2} The Fort Frye Teachers Association ("the Teachers Association"), cross-appeals on Rauch's behalf, asserting that the trial court erred in ruling that the issue of monetary damages, like the issue of the School Board's motivation, was established by res judicata. Because the issue of damages was litigated in the previous action, among the same parties with regard to the same issues, we agree with the trial court that the issue of Rauch's damages is res judicata.
 {¶ 3} Accordingly, we overrule each of the assignments of error raised by the parties, and we affirm the judgment of the trial court.
 I. {¶ 4} Michael Rauch was employed by the School Board as a teacher from 1986 until 1988 under two separate one year limited teaching contracts. Rauch was a member of the Teachers Association. In the fall of 1987, the Teachers Association engaged in a strike against the School Board. Rauch served as a co-captain of the picket line during this strike.
 {¶ 5} During the strike, the School Board reopened the schools with replacement substitute teachers as well as several members of the Teachers Association who failed to honor the picket lines. When the strike ended, the terms of the settlement closely approximated the School Board's final offer to the Teachers Association prior to the strike. The striking Teachers Association members viewed the outcome of the strike as a defeat, and blamed the defeat on the Teachers Association members who crossed the picket lines.
 {¶ 6} In order to show their solidarity upon their return to work, the striking members informally agreed to socially ostracize the non-striking members. Shortly thereafter, the School Board received several reports of Rauch allegedly engaging in unprofessional conduct at work. According to these reports, Rauch harassed several teachers and students.
 {¶ 7} Under the terms of the collective bargaining agreement in effect at that time, the School Board could nonrenew the limited contracts of teachers with less than four years of experience without establishing just cause for their termination. Based on the complaints about Rauch, the superintendent recommended that the School Board nonrenew Rauch's contract. The School Board declined to renew Rauch's limited teaching contract upon its natural termination at the end of the 1987-88 school year.
 {¶ 8} On April 22, 1988, the Teachers Association filed an unfair labor practice (ULP) charge with SERB on Rauch's behalf. The charge alleged that the School Board's nonrenewal of Rauch's employment contract constituted a ULP.
 {¶ 9} SERB found probable cause to believe that the School Board violated R.C. 4117.11(A)(1) and (3) through its nonrenewal of Rauch's employment contract following his participation and leadership in the labor strike. The School Board then answered the complaint by asserting that Rauch's nonrenewal was in good faith and in accordance with the provisions of the collective bargaining agreement.
 {¶ 10} On July 17, 1991, after an evidentiary hearing, SERB dismissed the complaint and the ULP charge with prejudice. The Teachers Association appealed SERB's decision to the Washington County Court of Common Pleas, and the court affirmed SERB's decision.
 {¶ 11} In addition, on August 20, 1991, Rauch filed a complaint in federal court against the School Board alleging a violation of his constitutional right of freedom of association. On July 30, 1992, a federal jury returned a general verdict in Rauch's favor. The School Board filed a motion for judgment notwithstanding the verdict, which the court denied. The School Board then appealed, but dismissed its appeal in July 1993.
 {¶ 12} Meanwhile, the Teachers Association appealed the Washington County Court of Common Pleas' decision to this court. Pursuant to State Emp. Relations Bd. v. Adena Local School Dist. Bd. of Edn. (1993),66 Ohio St.3d 485, paragraph one of the syllabus, we reversed the judgment of the common pleas court and remanded the case to SERB for further proceedings. Fort Frye Teachers Assn. v. State Emp. Relations Bd. (Nov. 9, 1993), Washington App. Nos. 93CA04 93CA05.
 {¶ 13} On remand, the Teachers Association argued that the School Board was collaterally estopped by the federal jury verdict from contesting the issue of its motivation to nonrenew Rauch's contract. SERB rejected the collateral estoppel argument, and reaffirmed its previous decision dismissing the complaint and the ULP charge against the School Board. SERB found by a preponderance of the evidence that the action taken by the School Board was premised on legitimate business justifications concerning Rauch's individual, unprotected post-strike activities and was not motivated, in part, to discriminate against Rauch for his exercise of any rights protected by R.C. Chapter 4117.
 {¶ 14} Once again, the Teachers Association appealed SERB's decision to the Washington County Court of Common Pleas. The court held that substantial evidence supported SERB's determination that the School Board was motivated by reasons other than an antiunion animus. The Teachers Association again appealed to this court. After finding that the School Board was collaterally estopped from relitigating the issue of its motivation to nonrenew Rauch's contract, we again reversed and remanded the matter to SERB. Fort Frye Teachers Assn. v. State Emp. Relations Bd. (Oct. 15, 1996), Washington App. No. 95CA33.
 {¶ 15} SERB and the School Board appealed to the Supreme Court of Ohio. The Court agreed that the School Board was prohibited by collateral estoppel from relitigating its motivation for nonrenewing Rauch's contract and affirmed our decision. Fort Frye Teachers Assn. v. State Emp. Relations Bd. (1998), 81 Ohio St.3d 392, 394. Additionally, the Court rejected SERB's argument that the collateral estoppel finding effectively deprived it of its exclusive jurisdiction to determine unfair labor practice actions. Id. at 398. The Court remanded the matter to SERB for determination of whether an unfair labor practice occurred, with the caveat that the School Board would not be permitted to relitigate its motivation for not renewing Rauch's contract. Id.
 {¶ 16} On remand, SERB determined that the School Board nonrenewed Rauch's teaching contract as retaliation for his unprotected, post-strike activities. Thus, SERB determined that no ULP occurred, and it dismissed the complaint. The Teachers Association appealed to the Washington County Court of Common Pleas, which found that SERB had no choice but to find that a ULP occurred since the issue of the School Board's motivation had been adjudicated finally between the parties. The court also rejected the Teachers Association's request that it admit evidence in the form of an affidavit detailing the damages that allegedly flow from the ULP claim, finding that res judicata applied to the issue of damages as well.
 {¶ 17} The School Board and SERB each filed a notice of appeal with this court and were assigned case numbers 02CA31 and 02CA32, respectively. Each presented a single assignment of error, asserting that the common pleas court erred in finding that SERB could not find that an ULP did not occur. In the interest of economy and justice, we consolidated the appeals. The Teachers Association filed a cross-appeal, asserting that the common pleas court erred in finding that the federal judgment obtained by Rauch is res judicata as to damages in the ULP proceedings.
 II. {¶ 18} In its sole assignment of error, SERB asserts, "The Washington County Common Pleas Court erred to the prejudice of [SERB] and abused its discretion when it ordered SERB to find that an [ULP] had occurred in 1988 when [the School Board] did not renew Michael Rauch's employment contract." The School Board, in its sole assignment of error, asserts, "The trial court erred in its determination that a prior federal jury verdict is dispositive of whether a public employer committed an [ULP] when it nonrenewed the limited teaching contract of a public employee." Both assignments of error concern the effect of the Supreme Court's decision remanding the case to SERB.
 {¶ 19} When a common pleas court reviews a SERB decision, the standard of review is whether the record contains "substantial evidence" to support the decision. Lorian City Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, paragraph one of the syllabus; see, also, State Emp. Relations Bd. v. Adena Local Sch. Dist. Bd. of Edn. (1993),66 Ohio St.3d 485, 491. With regard to questions of law, "[c]ourts must afford due deference to [SERB's] interpretation of R.C. Chapter 4117." Lorain at paragraph two of the syllabus.
 {¶ 20} "An appellate court, on the other hand, plays a more limited role than a trial court in reviewing the same SERB order. The role of the appellate court is to determine whether the trial court has abused its discretion. The appellate court must affirm the judgment of the trial court if no abuse of discretion occurred." Adena at 492. Thus, we review the trial court's decision for an abuse of discretion.
 {¶ 21} SERB and the School Board contend that the trial court abused its discretion by failing to defer to SERB's interpretation of R.C. Chapter 4117 and to recognize that substantial evidence in the record supports SERB's decision. Specifically, SERB and the School Board contend that SERB gave proper preclusive effect to the federal jury's verdict, and that SERB's determination is consistent with that verdict.
 {¶ 22} In general, an allegation of a ULP requires SERB to examine whether the accused employer took adverse action against an employee in part due to the employee engaging in activity protected by R.C. Chapter 4117. See Adena at paragraph two of the syllabus. Rauch's actions during the strike constitute protected union activities under R.C. Chapter 4117, while his actions following the strike do not constitute protected union activities. SERB and the School Board contend that R.C. Chapter 4117 rights are not coextensive with First Amendment rights. They reason that, because the federal jury verdict was a general verdict that did not specify which of Rauch's activities were the motivation for the nonrenewal, and because SERB is the exclusive arbiter of ULP determinations, SERB was free to determine that the School Board's motivation for nonrenewing Rauch's contract was Rauch's post-strike activities.
 {¶ 23} SERB and the School Board thus contend that SERB's decision is consistent with the Supreme Court's mandate, as SERB honored the federal jury's finding that the School Board was motivated to take adverse action against Rauch based upon Rauch's protected First Amendment activities. SERB contends that it used the federal jury's finding as a starting point for determining which of Rauch's protected First Amendment activities, those that are also protected under R.C. Chapter 4117 or those that are not, motivated the School Board. In short, SERB reasoned that the fact that the School Board violated Rauch's First Amendment rights does not necessarily mean that the School Board violated his R.C. Chapter 4117 rights by nonrenewing his contract for union activities. SERB then found that the evidence shows that the School Board's motivation for nonrenewing Rauch's contract was Rauch's unprotected, post-strike activities.
 {¶ 24} The trial court found that the Supreme Court already expressly rejected this argument when it determined that res judicata applied. In the context of determining whether the federal action and the SERB action presented an identity of issues for the purpose of applying collateral estoppel to the School Board's motivation in this case, the Supreme Court stated:
 {¶ 25} "If the same evidence would sustain both issues, then the two issues are the same for purposes of applying collateral estoppel. Norwood, 142 Ohio St. 299, paragraph four of the syllabus. We find the evidence is the same. In their federal action, appellees sought damages for the School Board's violation of Rauch's freedom of association rights. The material issue was whether the School Board nonrenewed Rauch's contract in retaliation for his exercise of the right to associate as protected by the First Amendment to the United States Constitution. The underlying facts substantiating the School Board's retaliatory motive centered around Rauch's union activities. The test for determining whether a violation of First Amendment rights, including associational rights, has occurred is found in Mt. Healthy City School Dist. Bd. of Edn. v. Doyle (1977), 429 U.S. 274, 97 S.Ct. 568. This case sets forth a `but for' test for establishing that an employee's exercise of First Amendment rights was violated by employer retaliation. This standard is a much stricter standard than Ohio's standard to determine whether an unfair labor practice charge has occurred. (See Adena,66 Ohio St.3d at 495-497, 613 N.E.2d at 613-614, where we rejected the Mt. Healthy "but for" test applicable to First Amendment rights and established the "in part" test applicable to unfair labor practice proceedings. However, both standards revolve around the same factual issue, the employer's motivation.)
 {¶ 26} "Similarly, in the state administrative action, the material issue was whether the School Board nonrenewed Rauch's contract in retaliation for his exercise of rights protected by R.C. Chapter 4117. As such, the essential facts regarding this issue concerned the same union activities engaged in by Rauch that were relied upon by the jury in the federal action. Since the same evidence would prove the underlying facts in each of these two proceedings, the issues are the same for purposes of applying the collateral estoppel doctrine." Fort Frye Teachers Ass'n, 81 Ohio St.3d at 396-397 (footnote omitted) (emphasis added.)
 {¶ 27} The text of the Supreme Court's opinion reveals that the Supreme Court determined that proof regarding the "same union activities" as the source of the School Board's motivation was the subject of both the federal action and the SERB action. Consequently, SERB was required to find that the School Board nonrenewed Rauch's teaching contract based in part upon Rauch's union activities. Because nonrenewal of a contract based upon an employee's union activities constitutes a ULP, SERB was likewise required to conclude that a ULP occurred.
 {¶ 28} Therefore, we find that the trial court did not abuse its discretion in reversing SERB's decision. Rather, the trial court properly determined that it cannot revisit the arguments advanced by SERB and the School Board, as the Supreme Court has already rejected those very arguments. The determination of the Supreme Court is binding.
 {¶ 29} Accordingly, we overrule the assignments of error raised by SERB and the School Board.
 III. {¶ 30} In its sole assignment of error, the Teachers Association contends that the trial court erred in determining that the federal jury verdict is res judicata on the issue of Rauch's monetary damages. The Teachers Association distinguishes the damages issue from the motivation issue by arguing that the former is governed by the doctrine of claim preclusion, while the latter is governed by the doctrine of issue preclusion. The Teachers Association argues that the trial court should not have precluded it from recovering damages because the test for claim preclusion does not bar subsequent, new causes of action relating to the same subject matter that was at issue in a previous cause of action.
 {¶ 31} SERB agrees with the Teachers Association that the trial court erred in applying res judicata to the damages issue. Maintaining that the court's application of res judicata to the issue of the School Board's motivation was inappropriate; SERB posits that the court's application of res judicata to the issue of damages was equally inappropriate. The School Board, in contrast, argues that the trial court did not err in ruling that the judgment obtained by Rauch in federal court is res judicata on the issue of monetary damages.
 {¶ 32} As the Teachers Association notes, the doctrine of res judicata historically involved both issue preclusion (collateral estoppel) and claim preclusion (estoppel by judgment). Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 381. Issue preclusion involved a factual inquiry into whether a fact was directly at issue and determined by a court of competent jurisdiction in a previous action. Fort Frye Teachers Assn., 81 Ohio St.3d at 395. Claim preclusion, in contrast, historically involved a legal inquiry whereby litigation of both an original and a second cause of action are permissible so long as "the causes of action are not the same, even though each action relates to the same subject matter." Norwood v. McDonald (1943), 142 Ohio St. 299, paragraph two of the syllabus.
 {¶ 33} In Grava, however, the Supreme Court expressly overruled this aspect of Norwood in favor of the "modern application of doctrine of res judicata." Id. at 382. The Court held that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Id. at syllabus. Thus, regardless of the legal theory advanced to establish an actor's liability, if its proof and a previous action's proof arise from a "common nucleus of operative facts," res judicata applies. Id. at 382, quoting Restatement of the Law 2d, Judgments (1982), Section 24.
 {¶ 34} We agree with the Teachers Association that the Supreme Court's previous Fort Frye ruling issued a limited directive, only ordering SERB to apply res judicata to this issue of the School Board's motivation. But nothing in the Court's order prevents SERB or a reviewing court from finding that res judicata also applies to other aspects of this case.
 {¶ 35} To determine whether res judicata applies to the claim for damages, rather than only to the School Board's motivation, the Supreme Court's previous findings in this case are instructive. In both this case and the federal case, the Court found that the material issue was whether the School Board nonrenewed Rauch's contract in retaliation for exercising his protected rights. See Fort Frye Teachers Assn.,81 Ohio St.3d at 396-397. In both cases, the underlying facts substantiating the School Board's retaliatory motive centered around Rauch's union activities. Thus, the claims in each proceeding arise from a common nucleus of operative facts. The Teachers Association has not pointed to any facts or issues relating to damages where this case and the previous federal action diverge. Since the same evidence proves the underlying facts in each of these two proceedings, res judicata applies. Thus, the common pleas court did not err in applying res judicata to the damages issue just as it applied res judicata to the ultimate issue, the School Board's motivation.
 {¶ 36} Accordingly, we overrule the Teachers Association's sole assignment of error. Having overruled each of the three parties' assignments of error, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the parties share equally in the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. and Evans, J.: Concur in Judgment and Opinion.